Joseph RODRIGUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 1152–90.

Court of Criminal Appeals of Texas, En Banc.

Dec. 4, 1991.

Stephen V. Davis, San Antonio, for appellant.

Steven C. Hilbig, Dist. Atty., and Wendellyn Rush, Diana Cruz and Daniel Thornberry, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

A jury convicted appellant of aggravated sexual assault and assessed punishment at confinement for twenty years. The Court of Appeals found the evidence insufficient, reversed the conviction, and ordered an acquittal entered. *Rodriguez v. State,* 802 S.W.2d 716 (Tex.App.—San Antonio, 1990).

We granted the State's petition for discretionary review to address the contention that the Court of Appeals failed to consider all the evidence, whether properly or improperly admitted, in the light most favorable to the verdict when determining the sufficiency of the evidence. We will affirm as reformed.

The victim was five years old at the time of the offense and six years old at the time of trial. At trial she testified by way of two closed circuit televisions. She was unable to answer many questions, including the names of her siblings and her birth date. In response to leading questions she testified that someone touched her in a "bad way" in her house, but she either could not or would not state that person's name. She denied knowing "Joseph Rodriguez," and answered negatively when asked if "Joseph" was sitting at the table in the courtroom. Her testimony was ended when she persisted in demanding her coloring book and stating "no" when asked if she wanted to tell what had happened.

The victim's mother testified as an outcry witness pursuant to Article 38.072, V.A.C.C.P. She stated that when she came home from work on February 15, 1989, appellant was sitting on the bed next to the victim in the victim's room. The victim followed her into the bathroom and told her mother that "it hurt" and that appellant "had been messing" with her. The victim pulled her panties down, pointed to her vagina, and told her mother that appellant had touched her with his "pee-pee." The victim's mother testified that "pee-pee" meant penis.

Other witnesses who testified for the State during the guilt/innocence phase included the doctor who had examined the victim several hours after the assault, and a child protective specialist with the Texas Department of Human Services, who had investigated the offense. The medical testimony was inconclusive. The child protective specialist stated that after some time the victim identified appellant as the perpetrator. She then interviewed appellant about the offense.

Appellant testified and admitted that he fell asleep at the victim's house on the night of the offense. He stated that when he awoke the victim and her sister were asleep on the bed. He denied committing the offense. He claimed the victim's mother fabricated the story out of spite because he had ended their affair to go back to his wife.

The Court of Appeals held the hearsay testimony of the outcry witness (the victim's mother) was inadmissible because of noncompliance with Art. 38.072, and also that the testimony was inadmissible as an excited utterance under Tex.R.Crim.Evid. 803(2).[1] That court acknowledged that, despite this holding, such evidence must be considered when addressing appellant's challenge to the sufficiency of the evidence. *Chambers v. State*, 805 S.W.2d 459 (Tex.Cr.App.1991); *Villalon v. State*, 791 S.W.2d 130 (Tex.Cr.App.1990); *Deason v. State*, 786 S.W.2d 711 (Tex.Cr.App.1990). The Court of Appeals also correctly recited that the proper standard of review on appeal is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The court concluded that the only evidence of the sexual assault came from the outcry witness. Since the victim's testimony "failed to substantiate" what the outcry witness had said, the court concluded, "[t]here is no evidence to establish that the sexual organ of appellant contacted the female sexual organ of the child...." *Rodriguez*, supra at 724.

The State argues that the Court of Appeals essentially assumed the role of a "thirteenth juror" by discounting certain evidence from the victim and isolating it from the outcry testimony. The State contends the Court of Appeals seems to have based its opinion on its own lack of confi-

---

**1.** The State did not challenge and we do not address the Court of Appeals' decision on the admissibility issue.

dence in the outcry testimony and on separating and analyzing individual parts of the evidence independently. The State asserts this analysis is like that rejected by this Court in *Villalon.*

Like the instant case, one of the issues in *Villalon* concerned the use of outcry testimony in evaluating the sufficiency of the evidence. In *Villalon* we found that the State had complied with the requirements of Art. 38.072 so that the outcry testimony was properly admitted. However, the Court of Appeals in *Villalon* found the outcry testimony was unreliable and, therefore, without probative value. That court then excluded or separated the outcry testimony from the rest of the evidence before evaluating the sufficiency of the evidence. We reversed the Court of Appeals, stating that the testimony should not have been excluded or separated from the other evidence because a sufficiency review requires an appellate court to look at all of the evidence admitted at trial and view it in a light most favorable to the verdict.

■ In the instant case, although the Court of Appeals correctly recited that inadmissible evidence must be considered when addressing a challenge to the sufficiency of the evidence, it did not follow that principle. Instead, the Court of Appeals treated the outcry testimony as proof only that outcry had been made and not as evidence of the truth of the testimony, as though it was admitted pursuant to Article 38.07, V.A.C.C.P. See *Alonzo v. State,* 575 S.W.2d 547 (Tex.Cr.App.1979); *Brown v. State,* 649 S.W.2d 160 (Tex.App.—Austin, 1983, no pet.). Under Art. 38.072, by both the terms of the statute and by the legislative history, outcry testimony admitted in compliance with Art. 38.072 is admitted as an exception to the hearsay rule, meaning it is considered substantive evidence, admissible for the truth of the matter asserted in the testimony. See generally HB 579 bill analysis, including "Background Information" and "Purpose" for Acts 1985, 69th Legislature; HB 579, Second Reading, May 9, 1985; HB 579, Third Reading, May 13, 1985. The outcry testimony admitted in the instant case, unlike that in *Villalon,*

did not meet the statutory requirements of Art. 38.072 and, thus, was improperly admitted as substantive evidence. However, the Court of Appeals should have considered that testimony in evaluating sufficiency.

■ The critical consideration here is that the outcry testimony was proffered and admitted as substantive evidence under a statutory exception to the hearsay rule, and even though improperly admitted, the testimony must be considered as having probative value in determining the sufficiency of the evidence. *Chambers v. State,* 711 S.W.2d 240 (Tex.Cr.App.1986), (inadmissible hearsay admitted without objection is the same as all other evidence in the sufficiency context, namely, it is capable of sustaining a verdict.); *Fernandez v. State,* 805 S.W.2d 451 (Tex.Cr.App.1991). The relative probative value of this hearsay evidence was assessed by the trier of fact in reaching its verdict. When the jury convicted appellant, it expressed its view that the outcry testimony was probative. Once the trier of fact has done so, an appellate court may not reevaluate the probity of this individual item of evidence. "[T]he appellate court has only the discretion to determine if any rational trier of fact could have, based on the evidence admitted at trial, found the essential elements of the offense beyond a reasonable doubt. *Chambers,* 711 S.W.2d, at 245." *Fernandez,* supra at 456. The victim's mother testified the victim indicated to her that appellant touched the victim's vagina with his penis. Because this evidence is substantive evidence with some probative value, even though erroneously admitted, it is, by itself, sufficient to support the jury's verdict. See *Villalon,* supra at 133. Further, contrary to the Court of Appeals' opinion, viewing the evidence in a light most favorable to the verdict shows that the child's testimony in the instant case does not contradict the outcry testimony. While the testimony is far from complete, the child testified that someone touched her in a "bad way" at her house. This is consistent with the testimony of the victim's mother that the child told her appellant touched her vagina with his penis.

The Court of Appeals appeared to require the testimony of the outcry witness to be corroborated or "substantiated" by the victim's testimony or by other independent evidence. That court may have relied on cases decided under Art. 38.07, but no such requirement exists when the requisites of Art. 38.072 are met as far as the substantive nature of the outcry testimony.[2]

Viewing the evidence in a light most favorable to the verdict, we find that a rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt based upon the outcry testimony and the victim's testimony. Accordingly, we reform that portion of the Court of Appeals' judgment by deleting that portion which ordered that a judgment of acquittal be entered. With that reformation the judgment of the Court of Appeals reversing the conviction is affirmed.

CLINTON and MALONEY, JJ., dissent.

BENAVIDES, J., dissents, agreeing with the Court of Appeals that the evidence is insufficient.

OVERSTREET, Judge, dissenting.

I believe that the court of appeals analyzed the evidence sufficiency claim using the proper standard and came to a conclusion that is supported by the record. Upon inspection of the record, I agree that "no offense was proved and, further, even if an offense had been proved, it was not shown that appellant did commit the offense charged." *Rodriguez v. State*, 802 S.W.2d 716, 724 (Tex.App.—San Antonio 1990). Thus, the court of appeals' holding that a rational trier of fact could not have found all the essential elements of the offense beyond a reasonable doubt and order that a judgment of acquittal be entered should not be disturbed. Because the majority does disturb that holding and order, I respectfully dissent.

---

**2.** The Court of Appeals' discussion of a requirement that other proof must show that the offense occurred in order to permit admission of hearsay testimony under Rule 803(2) is simply part of a predicate-type of requirement that must be met before a hearsay statement is admissible as an excited utterance.