TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00173-CR


NO. 03-97-00174-CR






Brian Bryant, Appellant




v.




The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NOS. 0965151 & 0960283, HONORABLE TOM BLACKWELL, JUDGE PRESIDING







A jury found appellant guilty of aggravated sexual assault of a child and indecency with a
child by contact. See Tex. Penal Code Ann. §§ 21.11(a)(1) (West 1994), 22.021(a)(1)(B)(i) & (a)(2)(B)
(West Supp. 1998). The district court assessed punishment for each offense at imprisonment for ten years. 
In two points of error, appellant contends the evidence is legally insufficient to sustain the convictions. We
will affirm.

On Labor Day weekend, 1995, Lisa Stafford drove to Austin from Louisiana to visit her
fiancé, Ken Rittgers. Stafford brought her three sons, ages seven, five, and two, with her. They stayed
with Rittgers in his apartment, where appellant was also staying. One afternoon, Stafford, Rittgers, and the
youngest boy went to the bedroom to take a nap, leaving the two older boys with appellant in the living
room. Later, unable to sleep, Stafford got up and looked into the living room. She saw appellant sitting
"too close" to her five-year-old on the couch. When he saw his mother, the boy had a "real guilty look"
and came to her. Stafford could see that appellant had an erection, which he tried to hide with his shirt. 
Stafford took the boy outside and asked him what he and appellant had been doing. The boy told her,
"We were talking about our privates." He added, "Brian showed me his private" and "Brian made me
touch his private." 

One week later, back home in Louisiana, Stafford was bathing her oldest boy when he
complained that his "bottom hurts." When Stafford asked why, the boy said, "Brian stuck a stick in my
bottom." He told his mother that this happened when "[i]t was dark" and the bedroom door was closed,
and that he had not cried out because he was frightened. Stafford examined the boy and saw that his anus
appeared to be "reddened." She also remembered that during the previous weekend the boy had often
changed underwear, and that the used underwear had been stained. Stafford had considered this unusual
at the time. During cross-examination, Stafford said that the boy's exact words were, "Brian poked me
in the bottom with a stick."

Stafford reported these matters to her local sheriff's office, who instructed her to call the
Austin police. The next day, she returned to Austin with her sons to be interviewed. The boys gave
videotaped statements to a victim services counselor that were shown to the jury. They were also
examined by Dr. Beth Nauert, a pediatrician. The five-year-old told Nauert that "Brian, a grown-up" "let
me touch his private part." The seven-year-old told Nauert that "a man named Brian" "poked me in the
butt with a stick, he twisted it." Nauert testified that the older boy's physical examination was normal. She
said he had an area of "mounded" skin around his rectum which was consistent with penetration but not
conclusive. Also consistent with the described abuse were the boy's report of rectal pain and the
"encopresis, the losing stool into his underwear."

Both boys testified. The older boy said that a man named Brian "poked [him] in the butt
with a stick" when he and his family were staying with Rittgers. This happened at night, in the bedroom
where Brian and two of the boys were sleeping. The boy said that he had his pants on at the time, that he
did not see the stick, and that it hurt. He indicated that the pain was not "on [his] butt where the poop
comes out" but "on the right side." Using a doll and a pen, the boy demonstrated what had happened. The
record reflects that he placed the pen on the doll's right buttock. The boy could not identify appellant at
trial as the Brian who did this to him.

The younger boy testified that a person named Brian touched his "private" and made him
touch Brian's "private." He demonstrated this with a doll, showing that the "private" was the penis. He
said this happened when it was dark outside. Like his brother, he could not identify appellant at trial.

Appellant challenges the legal sufficiency of the evidence in three respects. First, he
contends that he was not proved to be the assailant with respect to either offense. Second, he argues that
the State failed to prove that the seven-year-old boy's anus was penetrated by appellant's sexual organ,
a stick, or an object unknown, as alleged in the aggravated sexual assault indictment. Finally, he contends
the evidence is insufficient to prove that he caused the five-year-old boy to touch his genitals, as alleged
in the indecency with a child indictment. The question presented is whether, after viewing all the evidence
in the light most favorable to the verdict, any rational trier of fact could have found these elements of the
offenses beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State,
820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981).

Appellant dismisses the younger boy's statements and testimony as "no more than a
patchwork fabrication." He notes that the boy's testimony was inconsistent with his mother's with respect
to several details, such as the time of the alleged incident and whether the assailant was wearing clothes. 
The boy also made several statements during his videotaped interview that were, apparently, untrue. With
regard to the older boy, appellant points out that he did not testify that his anus was penetrated by the stick
or any other object. Similarly, he did not mention penetration during the videotaped interview. Although
Stafford first testified that the boy said "Brian stuck a stick in my bottom," she later testified that the boy's
exact words were, "Brian poked me in the bottom with a stick." Appellant also notes that the pediatrician
was unable to testify whether the boy's anus was penetrated. Finally, appellant stresses that neither boy
could identify him at trial.

Insofar as appellant challenges the credibility of the two complainants, he is asking this
Court to usurp the function of the trial jury. The jury is the exclusive judge of the credibility of the witnesses
and the weight to be given their testimony, and may accept or reject all or any part of the evidence. Miller
v. State, 909 S.W.2d 586, 593 (Tex. App.--Austin 1995, no pet.). The jury also may draw reasonable
inferences and make reasonable deductions from the evidence. Id. If there is evidence that establishes guilt
beyond a reasonable doubt and the jury believes that evidence, an appellate court may not reverse the
conviction on legal insufficiency grounds. Id.

In a prosecution for a sexual offense, the complainant's outcry statement is substantive
evidence. Villalon v. State, 791 S.W.2d 130, 135-36 (Tex. Crim. App. 1990); see Tex. Code Crim.
Proc. Ann. art. 38.072(b) (West Supp. 1998). The outcry statement may alone be sufficient to sustain a
conviction. Rodriguez v. State, 819 S.W.2d 871, 873 (Tex. Crim. App. 1991); Kimberlin v. State, 877
S.W.2d 828, 831 (Tex. App.--Fort Worth 1994, pet. ref'd). The five-year-old complainant made his
outcry statement to his mother minutes after the alleged act of indecency. He told his mother that Brian
showed him his penis and made him touch it. Appellant was the only Brian present at the time, and had
been seen by Stafford sitting "too close" to her son and with an erection. From this evidence, a jury could
conclude beyond a reasonable doubt that appellant was guilty of indecency with a child as alleged.

The seven-year-old complainant's outcry was made one week after the alleged incident. 
The assailant was again identified as Brian, which under the circumstances was a clear reference to
appellant. Whether the boy's exact words were "Brian stuck a stick in my bottom" or "Brian poked me
in the bottom with a stick," the use of the preposition "in" supports an inference that appellant penetrated
the child's anus with the object. This inference is also supported by the observed redness around the boy's
anus and by his reduced bowel control. The testimony of a child victim alone is sufficient evidence of
penetration to support a conviction. O'Hara v. State, 837 S.W.2d 139, 141-42 (Tex. App.--Austin
1992, pet ref'd). The evidence, viewed in the light most favorable to the verdict, supports a finding beyond
a reasonable doubt that appellant penetrated the boy's anus with a stick as alleged.

The two points of error are overruled and the judgments of conviction are affirmed.



 

 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd; Chief Justice Carroll not participating

Affirmed

Filed: March 26, 1998

Do Not Publish



ct could have found these elements of the
offenses beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State,
820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981).

Appellant dismisses the younger boy's statements and testimony as "no more than a
patchwork fabrication." He notes that the boy's testimony was inconsistent with his mother's with respect
to several details, such as the time of the alleged incident and whether the assailant was wearing clothes. 
The boy also made several statements during his videotaped interview that were, apparently, untrue. With
regard to the older boy, appellant points out that he did not testify that his anus was penetrated by the stick
or any other object. Similarly, he did not mention penetration during the videotaped interview. Although
Stafford first testified that the boy said "Brian stuck a stick in my bottom," she later testified that the boy's
exact words were, "Brian poked me in the bottom with a stick." Appellant also notes that the pediatrician
was unable to testify whether the boy's anus was penetrated. Finally, appellant stresses that neither boy
could identify him at trial.

Insofar as appellant challenges the credibility of the two complainants, he is asking this
Court to usurp the function of the trial jury. The jury is the exclusive judge of the credibility of the witnesses
and the weight to be given their testimony, and may accept or reject all or any part of the evidence. Miller
v. State, 909 S.W.2d 586, 593 (Tex. App.--Austin 1995, no pet.). The jury also may draw reasonable
inferences and make reasonable deductions from the evidence. Id. If there is evidence that establishes guilt
beyond a reasonable doubt and the jury believes that evidence, an appellate court may not reverse the
conviction on legal insufficiency grounds. Id.

In a prosecution for a sexual offense, the complainant's outcry statement is substantive
evidence. Villalon v. State, 791 S.W.2d 130, 135-36 (Tex. Crim. App. 1990); see Tex. Code Crim.
Proc. Ann. art. 38.072(b) (West Supp. 1998). The outcry statement may alone be sufficient to sustain a
conviction. Rodriguez v. State, 819 S.W.2d 871, 873 (Tex. Crim. App. 1991); Kimberlin v. State, 877
S.W.2d 828, 831 (Tex. App.--Fort Worth 1994, pet. ref'd). The five-year-old complainant made his
outcry statement to his mother minutes after the alleged act of indecency. He told his mother that Brian
showed him his penis and made him touch it. Appellant was the only Brian present at the time, and had
been seen by Stafford sitting "too close" to her son and with an erection. From this evidence, a jury could
conclude beyond a reasonable doubt that appellant was guilty of indecency with a child as alleged.

The seven-year-old complainant's outcry was made one week after the alleged incident. 
The assailant was again identified as Brian, which under the circumstances was a clear reference to
appellant. Whether the boy's exact words were "Brian stuck a stick in my bottom" or "Brian poked me
in the bottom with a stick," the use of the preposition "in" supports an inference that appellant penetrated
the child's anus with the object. This inference is also supported by the observed redness around the boy's
anus and by his reduced bowel