Opinion issued December 18, 2003








     






In The
Court of Appeals
For The
First District of Texas




NOS. 01-02-01094-CR, 01-02-01095-CR, 
01-02-01096-CR, 01-02-01097-CR





FERNANDO DELEON DIAZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th Criminal District Court
Harris County, Texas
Trial Court Cause Nos. 905107, 905108, 905109, 905110




O P I N I O N

           Appellant, Fernando DeLeon Diaz, was indicted for aggravated sexual assault of a
child and indecency with a child. The complainant was his daughter, J.D. Appellant was
also indicted for two counts of aggravated sexual assault of a child in which the complainant
was his son, V.D. A jury found appellant guilty and sentenced him to 75 years’ confinement
for each of the aggravated sexual assault charges and 20 years’ confinement on the indecency
with a child charge. Appellant, in four points of error, contends that the trial court committed
reversible error. We affirm.BACKGROUND
           In August of 2001, Janette Casarez was watching a television show on the Discovery
Channel about child sexual abuse with J.D., her six-year-old daughter, and two of her other
children. J.D seemed uncomfortable watching the show and wanted to go to her room. 
Casarez went with J.D. to her room and started questioning her about why she left the room
and what was wrong. Casarez testified that J.D. just stayed quiet, looked at her, and said her
dad’s name. Casarez testified that she spoke with J.D. for two hours, finding that appellant
had engaged in oral sex with J.D. and had also attempted to engage in anal sex as well. The
following morning, Casarez picked up V.D., her seven-year-old son, from appellant’s house.
Casarez spoke to V.D. about what had happened to J.D., and V.D. informed her that
appellant had sexually assaulted him as well.
           Appellant and Casarez had stopped living together in 1996. They had an agreement
whereby appellant had contact with all of their four children, usually through allowing the
boys to stay with appellant and the girls with Casarez, then allowing appellant to have all the
children reside with him for a period. Casarez testified that all of the children resided with
appellant for some time in 1997 and in 1998. V.D. and his brother were living with appellant
at appellant’s mother’s house in August 2001. J.D. was living with Casarez at that time.
           Appellant’s mother testified that J.D. and V.D. did not tell her about the abuse even
though she felt that they were close enough to her to confide in her. Appellant’s brother also
testified that he lived in the house at the same time as the children and he was not aware of
any abuse taking place. However, both appellant’s mother and appellant’s brother admitted
that there were times when appellant was alone with the children.
DISCUSSION
           Appellant contends, in his four points of error, that (1) the trial court erred in
permitting the State to consolidate and join the offenses and denying appellant’s motion to
sever, (2) the trial court erred by admitting outcry testimony without having a preliminary
hearing to determine its reliability, (3) the evidence at trial was legally insufficient to sustain
appellant’s conviction beyond a reasonable doubt, and (4) the evidence at trial was factually
insufficient to sustain appellant’s conviction beyond a reasonable doubt.
Consolidation and Joinder of Offenses
           The State filed a motion to consolidate and join the offenses. In response to this
motion, appellant filed a motion to sever. The trial court held a hearing on the motions
during which no evidence was presented, denied appellant’s motion to sever, and found that
appellant would not be prejudiced by the joinder of the offenses. Appellant contends, in his
first point of error, that there was no evidence that he was not prejudiced by the joinder of
the charges and that prejudice should have been presumed based on the charges.


 
           Appellant was charged, in separate indictments, with three counts of aggravated
sexual assault of a child and one count of indecency with a child. The joinder rules of the
Penal Code allow the State to prosecute all offenses arising out of the same criminal episode
in a single trial. See Tex. Pen. Code Ann. § 3.02(a) (Vernon 2003). One definition of
“criminal episode,” as given in the Code, is “the commission of two or more offenses [when]
. . . the offenses are the repeated commission of the same or similar offenses.” Id. § 3.01
(Vernon 2003). Under Penal Code section 3.04(c), the right to severance does not apply to
a prosecution for offenses described under section 3.03(b)(2), which would include
aggravated sexual assault of a child, unless the court determines that the defendant or the
State would be unfairly prejudiced by a joinder of offenses. Id. § 3.04(c) (Vernon 2003).
           The offenses in the present case were similar in nature. Appellant committed the same
sexual acts, namely, placing his sexual organ inside the mouths of both V.D. and J.D.,
touching V.D.’s anus with his sexual organ, and touching J.D.’s anus through her clothing. 
Casarez testified that V.D. and J.D. had both stated that this abuse occurred numerous times
and mentioned February 1999, Christmas 1999, and February 2000 as periods when the abuse
occurred. 
           These factors indicate that the aggravated sexual assault offenses with which appellant
was charged were the repeated commission of acts similar in nature. Therefore, these acts
constitute a criminal episode and were properly joined. The charge of indecency with a
child was similar to the offenses of aggravated sexual assault, arose out of the same criminal
episode as the aggravated sexual assaults, and thus was also properly joined. We overrule
appellant’s first point of error.
Outcry Witness
           Appellant, in his second point of error, contends that the trial court erred in admitting
outcry testimony without holding a preliminary hearing to determine the reliability of the
testimony pursuant to article 38.072. See Tex. Code Crim. Proc. Ann. art. 38.072, § 2(b)(2)
(Vernon 2003).
           Initially, the State sought to introduce the testimony of two outcry witnesses, Casarez
and Jill Smith, an employee at the Children’s Assessment Center. Casarez was called as the
outcry witness during trial.
           While appellant did request a hearing pursuant to article 38.072, section (2)(b)(2) of
the Texas Code of Criminal Procedure, the record does not indicate whether such a hearing
was ever held. If the hearing was not held, appellant did not object to the trial court’s denial
of that hearing. See Tex. R. App. P. 33.1(a). Appellant failed to preserve the error
complained of on appeal. We overrule appellant’s second point of error.
Legal and Factual Sufficiency
           In his third and fourth points of error, appellant contends that the evidence was legally
and factually insufficient to convict him of aggravated assault and indecency with a child as
these charges related to J.D. Appellant asserts that, because J.D. did not testify as to the
elements of the offense, there was no physical evidence, and the outcry statement was only
a general allegation of sexual abuse, the evidence is legally and factually insufficient to
support his conviction. 
           Standard of Review 
           The standard for reviewing the legal sufficiency of the evidence is whether, after
reviewing the evidence in the light most favorable to the verdict, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89 (1979).
           When reviewing factual sufficiency, we review all the evidence, both favorable and
unfavorable, and set aside the verdict only if it is so contrary to the overwhelming weight of
the evidence as to be clearly wrong. King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App.
2000). Under the factual sufficiency standard, we ask “whether a neutral review of all the
evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously
weak as to undermine confidence in the jury’s determination, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof.” Id. (quoting from Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)). Accordingly, we will reverse the fact
finder’s determination only if “a manifest injustice has occurred.” King, 29 S.W.3d at 563
(quoting from Johnson, 23 S.W. 3d at 12). 
           Application to the Facts
           Casarez testified that J.D. acted strangely after watching a show on child sexual abuse,
wanting to go to her room and crying. Casarez testified that when she pressed J.D. on what
was wrong, J.D just said appellant’s name. Casarez testified that she was able to ascertain
more information about the abuse, finding out that appellant had forced J.D. to open her
mouth and to let him place his “private part” inside her mouth as well as touching J.D.’s
anus. Further, J.D. testified that appellant did something to her body that he was not
supposed to and pointed to the feet, mouth, and behind of the doll when asked where
appellant had done something to her. Although J.D did not testify directly as to the specifics
of what appellant did to her, Casarez’s testimony as outcry witness did attest to what J.D. told
her had happened. A child victim’s outcry statement alone can be sufficient to support a
conviction for aggravated sexual assault. Kimberlin v. State, 877 S.W.2d 828, 831 (Tex.
App.—Fort Worth 1994, pet. ref’d) (citing Rodriquez v. State, 819 S.W.2d 871, 873 (Tex.
Crim. App. 1991)).
           Appellant did present evidence consistent with the fact that he did not commit the
crime, namely the testimony of his mother and brother that they were unaware of the abuse
and that the children did not report the abuse to them. However, the jury, as the trier of fact,
was the sole judge of the credibility of the witnesses and was free to accept or reject all or
part of the witnesses’ testimony. Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App.
1996).
           We conclude that the evidence was sufficient for a rational trier of fact to have found
the essential elements of the offense beyond a reasonable doubt. The evidence is not so weak
as to be manifestly unjust or against the great weight and preponderance of the available
evidence. We overrule appellant’s third and fourth points of error.                                     
CONCLUSION
           We affirm the judgments of the trial court.



                                                                  Sam Nuchia
                                                                  Justice
 
Panel consists of Justices Taft, Nuchia, and Keyes.
Publish. Tex. R. App. P. 47.2(b).