In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-489 CR


____________________



ALPHA JAMES BADEAUX, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 05-02-01288-CR






MEMORANDUM OPINION


 A jury convicted appellant Alpha James Badeaux of indecency with a child,
aggravated sexual assault of a child, and burglary of a habitation. The jury assessed
punishment at fifteen years of confinement for the indecency with a child count, fifty years
for the aggravated sexual assault of a child count, and fifteen years for the burglary count.
In three issues, Badeaux asserts the evidence is legally and factually insufficient to support
his conviction for burglary and the trial court "erred by allowing evidence of an extraneous
offense before the jury." We affirm.

Background


 The appellant was a neighbor of the child complainant. The jury heard testimony that
appellant molested the complainant, who was eight years old at the time of trial. When the
neighbors moved to another apartment, appellant gave them a computer program to 
determine where their furniture should be placed, he asked them for information regarding
the location of each family member's bedroom, and then, he moved into the apartment next
to them. 

 The jury heard testimony from which it could conclude appellant reached though a
hole in the wall between the apartments and assaulted the child, whose bed was on the other
side of the wall. The child testified that Badeaux sometimes called her name through the
wall at night and this frightened her. At times, the child could see into Badeaux's apartment
through the hole in her bedroom wall and one of her stuffed animals disappeared from her
room and ended up at Badeaux's apartment. The child explained that the hole was near her
bed, and someone could touch her by reaching through the hole while she was sleeping in her
bed. She further testified that if someone touched her head while she was asleep, it would
upset her. Eventually, the child began to ask her parents if she could sleep in their room.

 Badeaux agreed to give a videotaped interview to Detective Wood, and he waived his
Miranda rights. The State played the videotape for the jury. During the videotaped
interview, Badeaux stated that he cut a hole in the wall to put a safe there, and he later
decided to put pennies through the hole for the child. Badeaux indicated that he would reach
through the wall when he got home from work at 3:00 a.m. to leave money for the child. 
Badeaux stated, "I know the whole thing is strange, but if I did it any other time . . .
somebody would see me doing it." Badeaux stated that he reached through the hole to get
the piggy bank, but the child's head was "right in the hole." He further explained that the
child was sleeping, and he shook her head and told her to move away from the hole. 
Badeaux stated that he could have touched the child inappropriately while looking for her
piggy bank. Badeaux also explained that his arm was scratched because "it's real hard for
my forearm to get through [the hole]." He further explained that he could not see what he
was doing at night and he had to "grope." Badeaux estimated that he reached through the
hole after he got home from work on approximately three occasions. He explained that he
covered the hole after using it so the child's parents would not know the hole existed.

 Badeaux stated that he played "tickle" with three or four little girls, including the
complainant, and he explained that the game involved tickling "with your hands, your mouth,
everything." Badeaux further explained that he loves the child like she is his own
granddaughter. Toward the end of the videotaped interview, Detective Wood told Badeaux
that the evidence would corroborate the child's version of events and Badeaux's side of the
story was "going to sound crazy." Badeaux responded, "I don't think the way normal people
think. Like I said, my daughter herself was wanting to turn me in to the cops because I had
scratched her little girl's butt." When Detective Wood asked Badeaux whether his daughter
ever turned him in, he explained that she did not, but "she. . . threatened me with that type
of thing. . . ." Badeaux's attorney moved for a mistrial due to the admission of Badeaux's
videotaped statement about his daughter threatening to turn him in to the authorities. The
trial court denied Badeaux's motion for mistrial, and the trial proceeded. 

 The jury convicted Badeaux of indecency with a child, aggravated sexual assault of
a child, and burglary of a habitation. The jury assessed punishment at fifteen years of
confinement for indecency with a child, fifty years for aggravated sexual assault of a child,
and fifteen years for burglary. Badeaux then filed this appeal. 

Issues One and Two


 In his first and second issues, Badeaux contends the evidence is legally and factually
insufficient to support his conviction for burglary of a habitation because the child did not
testify regarding how she felt about the touching, and he did not intend to assault the child
by reaching through the hole in her wall. We address these issues together.

 In reviewing an issue of legal sufficiency, an appellate court views the evidence in the
light most favorable to the verdict to determine whether a rational fact finder could have
found each element of the offense beyond a reasonable doubt. Swearingen v. State, 101
S.W.3d 89, 95 (Tex. Crim. App. 2003); Conner v. State, 67 S.W.3d 192, 197 (Tex. Crim.
App. 2001) (citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560
(1979)). When addressing an issue of factual sufficiency, the appellate court asks whether
"a neutral review of all the evidence, both for and against the finding, demonstrates that the
proof of guilt is so obviously weak as to undermine confidence in the jury's determination,
or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary
proof." Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); see also King v. State,
29 S.W.3d 556, 563 (Tex. Crim. App. 2000). An appellate court "must give due deference
to the fact finder's determinations concerning the weight and credibility of the evidence and
will reverse the fact finder's determination only to arrest the occurrence of a manifest
injustice." Swearingen, 101 S.W.3d at 97. When reviewing the sufficiency of the evidence
after a jury trial, we consider all of the evidence presented, whether properly or improperly
admitted. Rodriguez v. State, 819 S.W.2d 871, 873 (Tex. Crim. App. 1991). It is the sole
province of the jury to determine the credibility of witnesses and to weigh contradictory
testimony. Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Cain v. State, 958 S.W.2d
404, 408-09 (Tex. Crim. App. 1997). 

 Section 30.02 of the Penal Code provides that a person commits burglary if he enters
a habitation with an intent to commit a felony, theft, or assault. Tex. Pen. Code Ann. §
30.02(a) (Vernon 2003). "Enter" means to intrude any part of the body. Id. §30.02(b). In
this case, the indictment alleged that Badeaux committed burglary by entering the child's
residence and assaulting her. Section 22.01 of the Penal Code provides that a person
commits assault if he "intentionally or knowingly causes physical contact with another when
the person knows or should reasonably believe that the other will regard the contact as
offensive or provocative." Tex. Pen. Code Ann. § 22.01(a)(3) (Vernon Supp. 2006). The
statute does not require evidence that the victim found the contact offensive or provocative. 
See id. Rather, the standard enunciated in the statute is that the actor "should reasonably
believe" that the victim will regard the contact as offensive or provocative. Id. In this case,
Badeaux should have reasonably believed that touching a young girl in the middle of the
night through a hole in her bedroom wall would be regarded as offensive or provocative. See
id.

 Badeaux testified that he reached his arm through the wall during the early morning
hours on several occasions, and that on one occasion, he touched the child's head and pushed
her away from the hole. Badeaux provided the same information to the authorities in the
videotaped interview that was played at trial. Badeaux also stated during his videotaped
interview that he had scratches on his forearm from putting his forearm through the hole. 
Badeaux testified that he unintentionally touched the child while searching for her piggy
bank. However, the jury could reasonably have found Badeaux's version of events incredible
in light of the evidence that he was molesting the child. See Cain, 958 S.W.2d at 408-09 (It
is the sole province of the jury to determine credibility of witnesses and to weigh
contradictory testimony.) Viewing the record in the light most favorable to the verdict, a
rational jury could have concluded beyond a reasonable doubt that Badeaux was guilty of
burglary of a habitation. See Tex. Pen. Code Ann. § 30.02. Furthermore, considering all
of the evidence in a neutral light, the jury was rationally justified in finding proof of
Badeaux's guilt of burglary of a habitation beyond a reasonable doubt. See Tex. Pen. Code
Ann. § 30.02. The evidence supporting the verdict is not too weak, nor is the contrary
evidence, including the direct testimony of Badeaux, so strong that the burden of proof could
not be met. We overrule issues one and two.

Issue Three


 In his third issue, Badeaux asserts the trial court erred by admitting evidence of an
extraneous offense. Badeaux argues that the extraneous offense evidence was not admissible
because it had no relevance apart from its tendency to prove his character to show that he
acted in conformity therewith. See Montgomery v. State, 810 S.W.2d 372, 387 (Tex. Crim.
App. 1991) (op. on reh'g); Tex. R. Evid. 404(b). The evidence of which Badeaux complains
was the admission of his statements in the videotaped interview that his daughter had
threatened to report him to the authorities because he "scratched her little girl's butt." The
State conceded that pursuant to the parties' agreement regarding Badeaux's motion in limine,
this evidence should have been redacted from the videotape before the videotape was shown
to the jury. The parties agreed that the State's inclusion of the statement in the videotape
played for the jury was inadvertent. Badeaux's counsel responded to the playing of the
complained-of portion of the videotape by moving for a mistrial. The trial court denied the
motion for mistrial. 

 A defendant complaining of error should first object, then request an instruction to
disregard, and move for a mistrial if he believes the instruction to disregard was insufficient
to cure the error. Young v. State, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004). An instruction
to disregard generally cures any prejudice. Hawkins v. State, 135 S.W.3d 72, 77 (Tex. Crim.
App. 2004). We will not reverse for an error that could have been prevented by timely
objection or cured by an instruction to the jury when the complaining party did not seek those
lesser remedies from the trial court. See Young, 137 S.W.3d at 70. 

 Badeaux may still complain on appeal that he should have been granted a mistrial due
to the improper admission of the evidence of an extraneous offense, but our review is limited
to determining whether the trial court erred in denying the motion for mistrial. See id. at 69-70. "Mistrial is a remedy appropriate for a narrow class of highly prejudicial and incurable
errors[.]" Wood v. State, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000) (citing Ladd v. State,
3 S.W.3d 547, 567 (Tex. Crim. App. 1999). Mistrial should be granted only if the prejudice
resulting from the admission of the evidence is incurable. See Hawkins, 135 S.W.3d at 77;
Adams v. State, 156 S.W.3d 152, 157 (Tex. App.--Beaumont 2005, no pet.). We review the
trial court's refusal to grant a mistrial for abuse of discretion. Id. In determining whether
the trial court abused its discretion in denying the motion for mistrial, we consider the
magnitude of the prejudicial effect, the measures adopted to cure the error, and the certainty
of conviction absent the erroneous admission of evidence. See Mosley v. State, 983 S.W.2d
249, 259 (Tex. Crim. App. 1998).

 We begin by examining the prejudicial effect of the evidence. See id. The jury had
already heard, without objection by Badeaux, evidence that Badeaux played "tickle" with
three or four little girls, including the child complainant and his granddaughter; Badeaux's
daughter warned the child's mother not to allow her to visit Badeaux; and Badeaux's
granddaughter suddenly moved out of Badeaux's apartment. In addition, the statement of
which Badeaux complains was very brief, and it occurred near the end of his videotaped
interview, which lasted well over ninety minutes. Furthermore, the extraneous offense was
not more heinous or inflammatory than the three offenses with which Badeaux was charged. 
See Gregory v. State, 159 S.W.3d 254, 262 (Tex. App.--Beaumont 2005, pet. ref'd). 
Therefore,we find that the extraneous offense evidence of which Badeaux complains had
little, if any, prejudicial effect, and we resolve the first Mosley factor in favor of the trial
court's denial of Badeaux's motion for mistrial. See Mosley, 982 S.W.2d at 259.

 Under the second Mosley factor, we consider how effectively the trial court attempted
to cure any errors in admitting evidence. See id. In this case, the videotape was redacted
before a copy was provided to the jury. (1) Therefore, we resolve the second Mosley factor in
favor of the trial court's denial of Badeaux's motion for mistrial.

 The third Mosley factor requires that we determine the strength of the evidence
supporting the convictions. See id. In this case, the evidence supporting Badeaux's
convictions for indecency with a child, aggravated sexual assault of a child, and burglary is
strong. The child complainant testified that Badeaux tickled her private parts over and
underneath her clothing, and that he removed her clothing and touched her private parts with
his hands and mouth. L.D. testified regarding the child's outcry. Badeaux admitted, both
in his videotaped interview and at trial, that he cut a hole in the wall, inserted his forearm
through the hole, and touched the child's head during the night. We resolve the third Mosley
factor in favor of the trial court's denial of Badeaux's motion for mistrial. 

 Having decided all of the Mosley factors adversely to Badeaux, we overrule his third
issue and affirm the trial court's judgment.

 AFFIRMED.



 __________________________________

 CHARLES KREGER

 Justice

Submitted on November 29, 2006

Opinion Delivered April 4, 2007

Do not publish


Before Gaultney, Kreger and Horton, JJ.
1. Both the original videotape and the redacted version are part of the appellate
record.