# NO. 12-07-00388-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JUAN HERNANDEZ AGUIRRE,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Juan Hernandez Aguirre appeals his conviction for aggravated sexual assault of a child. In two issues, Appellant argues that the evidence was legally insufficient to support his conviction and that the trial court erroneously allowed the State to introduce hearsay statements made by the child victim. We affirm.

### BACKGROUND

Appellant was charged by indictment with aggravated sexual assault of a child. The victim was Appellant's granddaughter, who was four or five years of age at the time of the assault made the basis of the indictment. Appellant pleaded not guilty, but waived his right to a trial by jury. Following a bench trial, the trial court found Appellant guilty as charged and assessed his punishment at twenty years of imprisonment. This appeal followed.

### OUTCRY TESTIMONY

In his second issue, Appellant asserts that the trial court erroneously admitted the testimony of Kimberly Waites, a child abuse investigator with Child Protective Services, as outcry testimony under article 38.072 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 38.072 (Vernon 2005).

Ms. Waites interviewed the child victim at the Children's Advocacy Center of Smith County

after the victim and her mother were sent there by the Tyler Police Department. By the time of the interview in question, the child had described some form of sexual assault to at least three other adult persons: her mother, a hospital nurse, and a hospital Spanish translator. According to Appellant, because the child victim made the other statements to these three persons, Ms. Waites did not qualify as the "outcry" witness under article 38.072 of the Texas Code of Criminal Procedure. *See id.* We will assume, without deciding, that the trial court erred by admitting this testimony.

Ms. Waites testified that, during the interview, the child told her that Appellant lured her into his bedroom. Once there, Appellant removed the child's shoes, pants, and panties. Appellant undressed himself completely, laid the child on the bed, and climbed on top of her. Appellant then kissed the child on the mouth and placed his erect penis on the child's vagina and "butt."

Similarly inculpatory evidence was admitted through Conchita Mendez, a Child Protective Services translator who translated for Ms. Waites during the interview in question. Ms. Mendez testified that, during the interview, the child told Ms. Waites that Appellant touched his penis to her vagina and "bottom" while they were in his bedroom. In addition, the child's mother testified that the child told her that Appellant lured her to his bedroom, removed her pants, laid her on the bed, climbed on top of her, and kissed her on the mouth. Appellant has not appealed the admission of any testimony given by Ms. Mendez or the child's mother.

The erroneous admission of hearsay evidence is nonconstitutional error. *See **Johnson v. State**,* 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). Nonconstitutional error that does not affect the substantial rights of the defendant must be disregarded. TEX. R. APP. P. 44.2(b). Therefore, even if the trial court erred in overruling Appellant's hearsay objection, the error would not warrant reversal unless it had a substantial and injurious effect or influence in determining the jury's verdict. *See **King v. State**,* 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). Generally, the improper admission of evidence does not constitute reversible error if the same facts are shown by other unchallenged evidence. *See **Crocker v. State**,* 573 S.W.2d 190, 201 (Tex. Crim. App. 1978).

Here, the testimony of Ms. Waites is substantially duplicated by the combined testimony of Ms. Mendez and the child's mother, which is not challenged on appeal. Because the combined testimony of Ms. Mendez and the mother is essentially the same as the testimony of Ms. Waites, we cannot determine that a substantial right of Appellant was affected by the admission of Ms. Waites's testimony. *See **Chapman v. State**,* 150 S.W.3d 809, 814-15 (Tex. App.–Houston [14th Dist.] 2004,

2

pet. ref'd) (reaching a similar holding).  Therefore, we overrule Appellant's second issue.  *See* TEX. R. APP. P. 44.2(b).

<h2 style="text-align:center">LEGAL SUFFICIENCY</h2>

In his first issue, Appellant argues that the evidence was legally insufficient to support a conviction based on the allegation that he touched the child victim's vagina with his penis.  *See* TEX. PENAL CODE ANN. § 22.021 (Vernon Supp. 2008).

**Standard of Review**

The Due Process Clause of the Fourteenth Amendment requires that evidence be legally sufficient to sustain a criminal conviction.  ***Jackson v. Virginia***, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979).  Evidence is legally sufficient when an appellate court, viewing the evidence in the light most favorable to the judgment, determines that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  ***Johnson v. State***, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993) (citing ***Jackson***, 443 U.S. at 319, 99 S. Ct. at 2789).  We must bear in mind that the factfinder is the exclusive judge of the credibility of witnesses and of the weight to be given their testimony.  *See* ***Barnes v. State***, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994).  The factfinder is entitled to draw reasonable inferences from the evidence.  *See* ***Dudley v. State***, 205 S.W.3d 82, 86-87 (Tex. App.–Tyler 2006, no pet.).  Likewise, the reconciliation of conflicts in the evidence is within the exclusive province of the factfinder.  *See* ***Losada v. State***, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986).  A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court.  *See* ***Tibbs v. Florida***, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982).

**Discussion**

According to Appellant, the statements made by the victim to Ms. Waites "stand[] as the only evidence before the Trial Court that the Appellant committed any of the acts alleged."  Appellant points out that the victim testified at trial and denied any recollection that Appellant ever touched her vagina with his penis.  She recalled, however, that Appellant took her to his bedroom, removed his pants, climbed on top of her in bed, and kissed her on the mouth.  Appellant also points out that other witnesses to whom the child victim described an alleged incident (the child's mother, a hospital nurse, and a hospital translator) all testified that the child did not tell them that Appellant touched her vagina with his penis.  We further note that the child's aunt was believed by the child's mother

3

to have observed an incident of inappropriate kissing between Appellant and the child. This aunt testified and denied ever witnessing Appellant acting inappropriately with the child. Appellant did not testify at trial or present any witnesses on his behalf. Therefore, the testimony of Ms. Waites and Ms. Mendez about the child's statements during the interview provided the only evidence that Appellant touched the child's vagina with his penis.

Outcry testimony alone can be legally sufficient evidence to support a conviction. *See Rodriguez v. State*, 819 S.W.2d 871, 873 (Tex. Crim. App. 1991). In our discussion of Appellant's second issue, we assumed, without deciding, that the trial court erroneously admitted the testimony of Ms. Waites as outcry testimony. However, outcry testimony proffered and admitted as substantive evidence under article 38.072, even where improperly admitted, must be considered as having probative value in determining the sufficiency of the evidence. *Id.* There is no requirement that outcry testimony, when admitted under article 38.072 as substantive evidence, be corroborated or substantiated by the victim or independent evidence. *See id.* at 874. Even so, Ms. Waites's testimony was corroborated by Ms. Mendez. Therefore, viewing the evidence in the light most favorable to the judgment, and giving due deference to the factfinder, we hold that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See id.* at 873-74 (reaching a similar conclusion regarding the evidentiary sufficiency of outcry testimony). We overrule Appellant's first issue.

### DISPOSITION

We *affirm* the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered February 25, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

4