Affirmed and Memorandum Opinion filed November 13, 2008








Affirmed and Memorandum Opinion filed November 13,
2008.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-01052-CR

_______________

 

KEVIN JONES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 1091926

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

A jury
found appellant, Kevin Jones, guilty of aggravated sexual assault.  After
finding two enhancement paragraphs true, the jury assessed punishment at
eighteen years= confinement, and the trial court sentenced appellant accordingly.  In a
single issue, appellant argues the evidence was legally and factually
insufficient because of a variance between the indictment and the proof at
trial.  Because our disposition is based on clearly settled law, we issue this
memorandum opinion and affirm.  See Tex. R. App. P. 47.4.








Factual and Procedural Background

Appellant
and Velma R., the mother of the six-year-old complainant, S.G., were married in
2003.  Yancy G., S.G.=s biological father, nevertheless played an active  role in
allocating his time and financial support to Velma, S.G., and S.G.=s brother.  Yancy normally got S.G.
and her brother after school and watched them while Velma worked.

In late
September 2006, S.G. told an assistant at her after-school daycare center that
she was hurting in her private area, and the center sent a note home with
Yancy.[1]  Velma
questioned S.G. and examined her, but did not see anything unusual. 

The next
day S.G. soiled her clothing at the daycare.  When the daycare director, Judy
Turner, questioned S.G. about whether she had asked her teacher to use the
bathroom, S.G. indicated she was still hurting in her private area.  When
Turner asked S.G. what caused her to hurt, S.G.=s  eyes filled with tears and she
dropped her head.  Questioned further, S.G. said Kevin, Aher mother=s boyfriend,@ hurt her.  S.G. told Turner
appellant Atook off her panties,@ Atook off his panties,@ and put Ahis hand on her private area and he
put his finger in her private area.@  Turner reported the matter to CPS.

Tammy
Urban of the Children=s Assessment Center interviewed S.G. two days after S.G.=s conversation with Turner.  In the
videotaped interview, S.G. stated appellant licked his finger, stuck it inside
her, and moved it around.  When Urban asked S.G. whether there had been
incidents other than the most recent, S.G. looked away and replied she did not
know.

Appellant
was subsequently charged with aggravated sexual assault.  The indictment read
in part:








[I]n Harris
County, Texas, KEVIN JONES . . . on or about SEPTEMBER 24, 2006,
did then and there unlawfully, intentionally and knowingly cause the
penetration of the FEMALE SEXUAL ORGAN of [S.G.] . . . a person younger than
fourteen years of age and not the spouse of [Jones], by placing HIS FINGER in
the FEMALE SEXUAL ORGAN of [S.G.].

 

In July
2007, Assistant District Attorney Connie Spence and her intern Sarah Hollowell
interviewed S.G. in preparation for trial, which was then set the same month. 
During that interview, S.G. stated appellant put his finger inside her and it
hurt.  When asked whether any other part of appellant=s body had touched her, S.G.
indicated appellant=s penis had touched her Atop part@ and her anus.

The case
was tried to a jury.  Turner, Urban, S.G., Velma R., and Marcella Donnarunadon
(the examining pediatrician) testified for the State.  The jury also viewed the
videotape of Urban=s interview with S.G.

Using
dolls and responding to leading questions, S.G. testified appellant touched her
with his fingers on Athe part she goes pee with@ and Athe part she goes poop with.@  Appellant told her to remove her
shorts and panties, and touched her on her skin, not over her clothes.  The
State also elicited the following testimony without objection:

Q.  Okay. 
And did he touch you with his finger on the inside or the outside that you pee
with?

A. 
Outside.

Q.  And
when his finger was on the inside of the part that you go pee with did his
finger move or stay still?

A.  Move.

Q.  All right. 
Can you C do you know which fingers that it was that he put
inside of the part that you go pee with?

A.  This
finger.

Q.  Okay. 
Point to it again.

A. 
Indicating.








Q.  Okay. 
Now can you use your hand and stick up the finger that you=re pointing to on the doll that he touched your part
that you go pee with.  Hold that up on your hand.  Which finger?

A.  Okay.

Q.  This
one?

A. 
Indicating.

Q.  Now you
said it was moving, that you could feel it moving on the part that you pee
with.  Is that right?

A.  Yes.

Q.  Can you
show us with your finger what you could feel on how it was moving?

A.  It was
just going in and out.

 

The
defense called Hallowell and appellant.  Appellant denied touching S.G.  The
defense theory was that too many other people had been in the apartment Velma,
appellant, and S.G. shared for appellant to have assaulted S.G. and that S.G.
had learned about the acts she described either because someone else had
assaulted her or she had seen them on television or in magazines.

At the
close of evidence, the trial court charged the jury in relevant part:

A person commits the offense of aggravated sexual assault if the person
intentionally or knowingly causes the penetration of the female sexual organ of
a child by any means; and if the victim is younger than fourteen years of age.

. . . .

Now, if you find from the evidence beyond a reasonable doubt that on or
about the 24th day of September, 2006, in Harris County, Texas, the defendant,
Kevin Jones, did then and there unlawfully, intentionally or knowingly cause
the penetration of the female sexual organ of [S.G.], a person younger than
fourteen years of age and not the spouse of the defendant, by placing his
finger in the female sexual organ of [S.G.], then you will find the defendant
guilty of aggravated sexual assault, as charged in the indictment.

 

The jury
found appellant guilty.








Discussion

In a
single issue, appellant argues the evidence was legally and factually
insufficient to support his conviction because of a variance between the
indictment and the proof at trial.  Appellant asserts that the indictment
charged him with having penetrated S.G.=s sexual organ with his finger, but
the State proved only that he touched S.G. on the outside of her sexual organ.

In
support of his argument, appellant initially cites Gollihar v. State, 46
S.W.3d 243 (Tex. Crim. App. 2001).  He then cites case law setting forth the
standard tests for legal and factual sufficiency.  See, e.g., Jackson
v. Virginia, 443 U.S. 307, 318B19, 99 S. Ct. 2781, 2789 (1979)
(legal sufficiency); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim.
App. 1996) (factual sufficiency).  Finally, he requests this court to reverse
the judgment and order a new trial, the remedy for factual, not legal, insufficiency. 
As does the State, we view appellant as arguing simply that the evidence was
not legally or factually sufficient to support his conviction for having
digitally penetrated S.G.=s sexual organ.[2]








In
considering a legal sufficiency challenge, we review all evidence in the light
most favorable to the finding and determine whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable
doubt.  King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).  In
examining a factual sufficiency challenge, we view all evidence in a neutral
light and set aside the verdict A>only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust.=@  Cain v. State, 958 S.W.2d
404, 407 (Tex. Crim. App. 1997) (quoting Clewis v. State, 922 S.W.2d at
129).  Before we may reverse for factual insufficiency, we must first conclude,
with some objective basis in the record, that the great weight and
preponderance of the evidence contradicts the jury=s verdict.  Watson v. State,
204 S.W.3d 404, 417 (Tex. Crim. App. 2006).  As the court of criminal appeals
recently explained:

Both legal and factual sufficiency standards require the reviewing
court to consider all of the evidence.  AThe
difference between the two standards is that the former requires the reviewing
court to defer to the jury=s credibility
and weight determinations while the latter permits the reviewing court to
substitute its judgment for the jury=s
on these questions >albeit to a very limited degree.=@ In reality, a Afactual‑sufficiency
review is >barely distinguishable= from a Jackson v. Virginia legal sufficiency review.@

 

Rollerson v. State, 227 S.W.3d 718, 724 (Tex. Crim.
App. 2007) (citations omitted).

A person
commits an aggravated sexual assault if he Aintentionally or knowingly . . .
causes the penetration of the anus or sexual organ of a child by any means . .
. if . . . the victim is younger than 14 years of age.@  Tex. Penal Code Ann. ' 22.021(a)(1)(B)(i), (2)(B) (Vernon
Supp. 2008).  Appellant contends only that the evidence was factually and
legally insufficient to establish he caused S.G.=s sexual organ to be penetrated by
his finger as alleged in the indictment and required by the jury charge.  He
does not argue the evidence was insufficient to establish any other element of
the offense.








The
following evidence would allow a rational trier of fact to find digital
penetration beyond a reasonable doubt:  S.G.=s unobjected-to testimony that
appellant=s finger Awas just going in and out@; S.G.=s videotaped interview with Urban in
which she described appellant=s licking his finger, placing it inside her, and moving it
around; the detail in S.G.=s descriptions during the videotaped interview; S.G.=s outcry to Turner, in which S.G.
said appellant put his finger in her and S.G. pointed Adown there@; and S.G.=s statement to Spence and Hollowell
that appellant put his finger inside her and it hurt.  The evidence is legally
sufficient to support appellant=s conviction.  See Tex. Code Crim. Proc. Ann. art.
38.07(a), (b)(1) (Vernon 2005) (stating conviction under Penal Code section
22.021 supportable on uncorroborated testimony of sexual offense victim if
victim was seventeen years of age or younger at time of offense); Rodriguez
v. State, 819 S.W.2d 871, 874 (Tex. Crim. App. 1991) (holding rational
trier of fact could have found all elements of offense beyond a reasonable
doubt based on outcry testimony and victim=s testimony); Tear v. State,
74 S.W.3d 555, 560 (Tex. App.CDallas 2000, pet. ref=d) (stating child victim=s outcry statement alone can suffice
to support conviction for aggravated sexual assault).

The only
evidence contradicting a finding of digital penetration consisted of (1) the
defendant=s denial of even touching S.G., and (2) S.G.=s response of Aoutside@ to the State=s question whether appellant touched
her Awith his finger on the inside or the
outside that you pee with.@[3]  After initially saying appellant
touched her outside, however, S.G. responded affirmatively to questions that
assumed penetration, and it was for the jury, as factfinder, to judge the
weight and credibility to be given to witness testimony.  Tran v. State,
221 S.W.3d 79, 87 (Tex. App.CHouston [14th Dist.] 2005, pet. ref=d). 

Having
viewed all the evidence in a neutral light, we cannot conclude the great weight
and preponderance of the evidence contradicts the jury=s verdict.  See Watson, 204
S.W.3d at 417.

 

 

 

 








We
overrule appellant=s sole issue and affirm the trial court=s judgment.

 

 

 

 

/s/        Charles Seymore

Justice

 

 

 

 

Judgment rendered and Memorandum Opinion filed
November 13, 2008.

Panel consists of Justices Yates, Seymore, and Boyce.

Do Not Publish C
Tex. R. App. P. 47.2(b).

 

 

 

 









[1]  APrivate area@ was the term the day care center director used.  In
talking with the director, S.G. said Adown
here@ and was pointing.  At trial, S.G. referred to her
vaginal area as Awhere you pee,@
and to her anal area as Awhere you poop.@





[2]  Appellant does not argue we should apply the
evidentiary sufficiency standard found in Malik v. State, 953 S.W.2d 234
(Tex. Crim. App. 1997).  See Fuller v. State, 73 S.W.3d 250, 252 (Tex.
Crim. App. 2002) (recognizing the Gollihar/Malik standard is not
the same as the Jackson v. Virginia standard).  In Gollihar, the
court explained, AIn a variance situation, the State has proven the
defendant guilty of a crime, but has proven its commission in a manner that
varies from the allegations in the charging instrument.@  Gollihar v. State, 46 S.W.3d 243, 246 (Tex.
Crim. App. 2001).  If the State had proved only finger to vagina contact, and
not penetration, it would not have proved appellant guilty of any crime under
Texas Penal Code section 22.021.  See Tex. Penal Code Ann. ' 22.021(a)(1)(B) (Vernon Supp. 2008) (proscribing
penetration of child=s sexual organ by any means, but proscribing contact
with child=s sexual organ only by another person=s mouth, anus, or sexual organ).





[3]  There was no medical evidence of penetration, but
the physician who examined S.G. testified that, in only five percent of the
cases, a person can look at the physical evidence and conclude abuse occurred.