**Opinion filed January 29, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-08-00186-CR

_____

## ANTONIO B. RASCON, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 50th District Court**

**Knox County, Texas**

**Trial Court Cause No. 3806**

## M E M O R A N D U M   O P I N I O N

Antonio B. Rascon appeals his conviction by a jury of the offense of possession of more than 50 pounds but 2,000 pounds or less of marihuana. The jury assessed his punishment at sixteen years in the Texas Department of Criminal Justice, Institutional Division. He contends in six points of error that (1) the State committed reversible error by commenting on his post-*Miranda*[1] silence, in violation of his right under the Fifth Amendment of the United States Constitution that prohibits the State from commenting on his right to remain silent during his trial; (2) the State violated *Brady v.*

---

[1]*Miranda v. Arizona*, 384 U.S. 436 (1966).

*Maryland*[2] by failing to disclose to his defense prior to trial that the State had already committed itself to dismissing the marihuana possession charge facing his codefendant, Enrique Villegas; (3) the trial court erred by allowing the State to introduce, at the guilt/innocence phase of his trial, evidence that he had previously been arrested for a federal offense involving trafficking in methamphetamines, under the flawed theory that the State needed the evidence to establish the offense element of identity; (4) the trial court erred in admitting several pages of testimony relating to his post-arrest interrogation by Texas Department of Public Safety Sergeant Bennett; (5) the trial court erred in admitting into evidence several paragraphs of Sergeant Bennett's written report of the offense; and (6) the evidence is legally insufficient to support his conviction. We affirm.

Rascon contends in Point Six that the evidence is legally insufficient to support his conviction. In order to determine if the evidence is legally sufficient, the appellate court reviews all of the evidence in the light most favorable to the verdict and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Laster v. State*, 275 S.W.3d 512, 517-18 (Tex. Crim. App. 2009).

Five hundred forty-one pounds of marihuana were found inside the trunks of new cars that were being transported by Rascon, aided by a driver he had hired. The driver with Rascon confirmed that the marihuana was Rascon's. There was evidence that an unknown caller had phoned Rascon telling him to leave his truck unattended at a truck stop for four hours, to drive to Oklahoma City, and to wait for another call. Rascon concedes that the evidence is legally sufficient if all of the evidence is considered but contends that this court should not include certain evidence, evidence he says is hearsay or evidence that should have been excluded based upon TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(a) (Vernon 2005), in our consideration of his claim that the evidence is legally insufficient. In determining whether the evidence is legally sufficient to support a conviction, we consider all of the evidence admitted, including any evidence that has been improperly admitted. *Rodriguez v. State*, 819 S.W.2d 871, 873 (Tex. Crim. App. 1991). We overrule Point Six.

Rascon urges in Point One that the State committed reversible error by commenting on his post-*Miranda* silence, in violation of his Fifth Amendment right to remain silent during his criminal trial. After receiving a *Miranda* warning, Rascon agreed to talk to Sergeant Anthony Roland Bennett

---

[2]*Brady v. Maryland*, 373 U.S. 83 (1963).

of the Texas Department of Public Safety Narcotics Service. Sergeant Bennett testified that Rascon told him he had agreed with certain other persons who had contacted him by telephone to leave his truck unattended at a large truck stop for four hours before delivering the new cars. He indicated that Rascon could not recall who had made those phone calls. Sergeant Bennett later indicated that, when Rascon would not disclose any further as to who "these people" were, the interview was terminated. At that point, counsel for Rascon objected, urging that the district attorney had tried to intentionally interject in front of the jury "post-*Mirandized* silence," which he contended was inadmissible and improper. The trial court overruled the objection. We hold that, in view of Sergeant Bennett's previous testimony that Rascon could not recall who the individuals were who had made the phone calls, his comment that Rascon would not disclose any further as to who "these people" were was a comment that Rascon never varied from his original statement, not a comment on Rascon's silence. Rascon was never shown to have refused to answer a question as to who the individuals were but had stated that he could not recall who they were. Because there is no showing that Rascon failed to answer any question that Sergeant Bennett asked, the trial court could have reasonably determined that Sergeant Bennett's testimony did not relate to any "post-*Mirandized* silence."

In support of this point, Rascon relies upon the opinions in *Fletcher v. Weir*, 455 U.S. 603, 607 (1982); *Dinkins v. State*, 894 S.W.2d 330, 356 (Tex. Crim. App. 1995); and *Doyle v. Ohio*, 426 U.S. 610, 619 (1976). We find all of these cases to be distinguishable because in each case there was a reference to the defendant being silent as to certain matters after having received a *Miranda* warning. *Fletcher*, 455 U.S. at 603-04; *Dinkins*, 894 S.W.2d at 355-56; *Doyle*, 426 U.S. at 613-14. We overrule Point One.

Rascon insists in Point Two that the State violated *Brady v. Maryland* by failing to disclose to him prior to trial that the State had already committed itself to dismissing the marihuana possession charge facing his codefendant, Enrique Villegas. Villegas testified at trial that he did not have any kind of deal with the district attorney in return for his testimony. He subsequently testified that he did not know the drugs were in the trunks of the cars and that they were Rascon's drugs. When counsel for Rascon sought to ask Villegas what he thought his testimony would do for his pending case, the district attorney objected, noting that Villegas had already answered that he had no deal. During final argument, the district attorney stated, after noting his belief that Villegas probably did not know "anything about it," that: "We really have made a decision not to continue prosecuting that particular case, but to prosecute Rascon because all of the -- all of the culpability

3

appeared to fall on his shoulders. He owned the truck. He did the suspicious behavior. He made the statements that were incriminating." There is nothing preserved in the record as to when the prosecutor made this decision. That being the case, in order to show that the State had suppressed the idea that it had made such a decision prior to trial or prior to Villegas's testimony, it would be necessary to adduce facts not in the record. Rule 21.2 of the Texas Rules of Appellate Procedure provides that a motion for new trial is a prerequisite to presenting a point of error on appeal only when necessary to adduce facts not in the record. TEX. R. APP. P. 21.2. Since this is a case where, in order to establish his contention with respect to the *Brady* complaint, it would be necessary to adduce facts not in the record, a motion for new trial is a prerequisite to presenting this point of error on appeal. Nothing relating to such a claim is presented in Rascon's motion for new trial, and there is no record of any hearing having been held on his motion. We, therefore, overrule Point Two.

Rascon argues in Point Three that the trial court erred by allowing the State to introduce evidence at the guilt/innocence phase of the trial that he had previously been arrested for a federal offense involving trafficking in methamphetamines in order to establish his identity. Brody Joe Moore testified that he was a trooper with the Texas Department of Public Safety. He indicated that Rascon was the codriver of a truck he stopped following a traffic violation. He said that Rascon identified himself as Antonio Rascon with a date of birth of June 13, 1960, but that he had no driver's license or other identification. He related that Rascon told him he had no prior criminal history other than traffic tickets. During a voir dire hearing outside the jury's presence, Trooper Moore indicated that, in checking for identification, he was able to establish that there was a California driver's license in the name of Antonio Rascon from Riverside, California, and that he was able to confirm that the address on the driver's license was that of Rascon (the defendant in this case). He indicated that he had learned Rascon was being truthful as to who he was.

Following the voir dire hearing, Trooper Moore testified that, in checking Rascon's identity, he learned from "NCIC" that Rascon had been arrested in 2000 for a federal offense of transporting methamphetamine in Minnesota. During the voir dire hearing, counsel for Rascon objected to this testimony on the basis that it was hearsay, that it denied him his right of confrontation under the Sixth Amendment of the United States Constitution, that it was not relevant, and that any probative value of the evidence was substantially outweighed by the prejudicial nature of the testimony. The State asserted that it was not offering the evidence for its truth but as evidence of Rascon's identity.

4

At the time of trial, Rascon's identity was no longer an issue. As noted in Trooper Moore's testimony, Rascon's identity had been established by the discovery that he had a California driver's license and that he had given his correct name and date of birth to Trooper Moore at the time he was stopped. As we have noted, the State represented at trial that the evidence of Rascon's arrest for transporting methamphetamine in Minnesota was not hearsay because it was not offered for the truth of the matter asserted and because it was admissible to show identity.

On appeal, the State makes no argument that evidence of Rascon's arrest was admissible to show identity but, instead, argues that it was admissible to show Rascon's intent and knowledge regarding the presence of marihuana in his truck, which it contends is permitted by Rule 404(b) of the Texas Rules of Evidence. TEX. R. EVID. 404(b). Absent its admission for the truth of the matter asserted, evidence of Rascon's arrest for the transport of methamphetamine has no relevance to the issue of Rascon's intent and knowledge regarding the presence of marihuana in his truck. If it was admitted for the truth of the matter asserted, the State has offered no argument for why it would not be hearsay and has not suggested an exception to the hearsay rule that would justify the admission of the extraneous arrest.

We also note that any relevance of evidence showing an arrest eight years prior to trial for transporting methamphetamine, as opposed to evidence that Rascon had transported methamphetamine or been convicted of that offense, is relatively slight with respect to showing Rascon's knowledge that there was marihuana in the truck he was driving on this occasion. On the other hand, a showing that Rascon had previously been arrested for transporting methamphetamine was highly prejudicial. We conclude, therefore, that any relevance of Rascon's prior arrest was substantially outweighed by the danger of unfair prejudice. Because we conclude that the evidence of Rascon's prior arrest was inadmissible, we hold that the trial court abused its discretion by overruling Rascon's objections and admitting the testimony into evidence.

The testimonial statements of witnesses absent from trial are admissible over a Sixth Amendment Confrontation Clause objection only when the declarant is unavailable and the defendant has had a prior opportunity to cross-examine the declarant. *Crawford v. Washington*, 541 U.S. 36, 68 (2004); *Campos v. State*, 256 S.W.3d 757, 761 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd). Because the "NCIC" record contained a routine, sterile recitation of an objective fact, it is nontestimonial within the meaning of *Crawford*. *Campos*, 256 S.W.3d at 762-63. Because the

record in question is nontestimonial, its admission does not constitute a violation of Rascon's rights under the Confrontation Clause of the Sixth Amendment of the United States Constitution.

As we have noted, the State makes no argument on appeal as to why the evidence was not hearsay or why its probative value was not substantially outweighed by the danger of unfair prejudice. Where, as here, any error was nonconstitutional error, we must disregard any other error, defect, irregularity, or variance that does not affect substantial rights. TEX. R. APP. P. 44.2(b). A substantial right is affected when the error (1) had a substantial and injurious effect or influence in determining the jury's verdict or (2) leaves grave doubt as to whether it had such an effect. *O'Neal v. McAninch*, 513 U.S. 432, 436-37 (1995); *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).

There was evidence that Rascon owned and was in control of the truck where the marihuana was found. Although the bill of lading reflected that he was due to take the truck to Fort Worth, he said he was going to Oklahoma City. He admitted to being told by someone to leave his truck for four hours unattended at a busy El Paso truck stop and then take the truck to Oklahoma City. Villegas testified that the drugs were Rascon's, indicating that Rascon told him after they were arrested, "This is not your problem. It is my problem. Nothing will happen to you."

The court's charge instructed the jury that evidence of an extraneous offense was admitted only for the purpose of establishing the defendant's identity. The charge stated that the jury could not consider the testimony unless it found and believed beyond a reasonable doubt that Rascon committed the extraneous offense. Inasmuch as no evidence was admitted from which a reasonable jury could have determined that Rascon committed the offense of transporting methamphetamine in Minnesota, the jury, under the instruction, was not authorized to consider evidence of the arrest.

Nevertheless, the district attorney, in final argument, stated that Rascon had been arrested for trafficking methamphetamine in Minnesota, which he noted was a federal offense. Shortly thereafter, he stated, in an improvised quote from Trooper Moore, "Well, man, this guy, he doesn't have any I.D., he's been convicted on a drug offense by the federal government." Inasmuch as there was no evidence that Rascon had been convicted of the offense of transporting methamphetamine, the trial court sustained the objection to the assertion that Rascon had been convicted of the offense and instructed the jury to disregard it. The trial court overruled objections to the reference to Rascon's arrest for the offense and denied motions for mistrial.

6

Evidence was presented at the punishment hearing showing that Rascon had indeed been previously convicted in a Minnesota federal court of the offense of interstate travel in aid of unlawful activity. The district attorney argued, without objection, that the conviction was drug related. Based on the complete record, we find that the admission of the arrest did not affect any of Rascon's substantial rights. We overrule Point Three.

Rascon submits in Point Four that the trial court erred in admitting several pages of testimony relating to Sergeant Bennett's post-arrest interrogation of Rascon. Sergeant Bennett testified at length as to statements made to him by Rascon after Rascon had been given his *Miranda* rights. Such statements of an accused made as a result of custodial interrogation ordinarily are not admissible against the accused in a criminal proceeding unless an electronic recording is made of the statement and the accused has, during the recording, been appropriately warned. *See* Article 38.22, section 3(a). This general rule does not apply to a statement that contains assertions of facts or circumstances that are found to be true and that conduce to establish the guilt of the accused, such as the finding of secreted or stolen property or the instrument with which the accused states the crime was committed. Article 38.22, section 3(c). The record reflects that Rascon's statements to Sergeant Bennett were not recorded. We are not aware of any statement made by Rascon that was found to be true and conduced to establish his guilt of the offense.

The State relies upon two statements made by Rascon. First, the State relies upon Rascon's statement that he left his truck in El Paso for four hours under an instruction from an unknown person and was then instructed to drive the truck to Oklahoma City. The State notes that Sergeant Bennett's interview with Rascon led to the discovery of the fuel bill in El Paso, confirming that the truck stopped in El Paso. We note first that there is some question in the record as to whether Sergeant Bennett testified that the interview led to the discovery of the fuel bill. Sergeant Bennett was asked by the district attorney, "Well, is there a diesel bill from a Petro station in El Paso where they fueled up that you gathered as part of your investigation?" Sergeant Bennett replied, "Right. There was a Petro, but I don't have access to that information right now." We construe this answer to be an affirmation that there was a Petro truck stop involved but not as an affirmative answer to the question as to whether he had acquired a diesel bill from a Petro station. Even if he had acquired such a bill, the best such a bill would have established was that Rascon's statement that he had stopped for fuel at El Paso was true, a statement that did not conduce to establish his guilt because,

7

insofar as we know, evidence that he stopped for gas in El Paso was not suspicious and was not incriminating.

The second statement relied upon by the State was Rascon's statement to Sergeant Bennett that he did not have a commercial driver's license. When Sergeant Bennett was asked if Rascon had a commercial driver's license, he replied that Rascon did not. Since Rascon did not have any driver's license in his possession, it is unclear whether Rascon told Sergeant Bennett that he did not have a commercial driver's license, as compared to telling him that he did not have a license in the sense there was none in his possession. Even assuming that Rascon told Sergeant Bennett that he did not have a commercial driver's license at all, the State does not assert how this fact was found to be true outside of Rascon's statement to Sergeant Bennett. The record reflects that Sergeant Bennett confirmed that there was a California driver's license, apparently in Rascon's name, issued to someone at his address. The State gives us no reference to where the record might show, independently of Rascon's statement, that the license he had was not a commercial license. Even if it were independently established to be true that Rascon did not have a commercial driver's license at all, we do not find it to be a fact or circumstance that conduces to establish Rascon's guilt of the offense. We, therefore, find that the trial court abused its discretion by admitting into evidence Sergeant Bennett's testimony as to Rascon's unrecorded statements.

Because any error in admitting this evidence is a nonconstitutional error, we must disregard any error that does not affect Rascon's substantial rights. As we have previously discussed, the primary issue at trial was whether Rascon had knowledge that the load of cars he was carrying on the truck contained marihuana. A crucial piece of evidence, that Rascon was contacted by someone unknown and told to leave his truck at an El Paso truck stop for four hours unattended, was significant insofar as it constituted strong evidence that Rascon knew that he was going to be carrying illegal contraband. Rascon's statement is the only source for this evidence. The district attorney emphasized this evidence more than once in urging the jury to convict Rascon. However, this evidence was subsequently admitted through admission of a portion of Sergeant Bennett's report, admitted on the basis of the rule of optional completeness. Rascon's objection to the reading of the report was related to TEX. R. EVID. 107, the rule of optional completeness. At that time, Rascon's counsel did not again object on the basis of TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3 (Vernon 2005). Based upon the complete record, we conclude that the error in admitting Rascon's statements to Sergeant Bennett did not affect Rascon's substantial rights. While this is true with

8

respect to this error considered by itself, we find it also to be true that error in the admission of this evidence, taken together with the error in the admission of Rascon's prior arrest for transporting methamphetamine in Minnesota, did not affect Rascon's substantial rights. We overrule Point Four.

Rascon suggests in Point Five that the trial court erred in admitting into evidence several paragraphs of Sergeant Bennett's written report of the offense. When cross-examining Sergeant Bennett, counsel for Rascon asked him to read Paragraph 13 to himself. He then referred Sergeant Bennett to Paragraph 25 of the report and asked him if it related to his interrogation of Rascon. Sergeant Bennett confirmed that it did relate to his interrogation. Sergeant Bennett insisted that Paragraph 25 did not contradict testimony that he had given earlier. When Rascon's counsel asked Sergeant Bennett if he had not testified earlier on that day that Rascon had told him he had been hired by someone to drive to Fort Worth, Sergeant Bennett responded, "Yes, because that's where the vehicles were supposed to go to." Rascon's counsel asked Sergeant Bennett to just answer "yes" or "no" and then repeated the same question. Sergeant Bennett responded, "If we can go back to question 24 -- or number 24, he was asked as to why he was driving to Oklahoma City instead of Fort Worth as detailed in the bill of lading. The bill of lading was --."

Rascon's counsel responded, "And what does paragraph 25 say?" Sergeant Bennett responded, "If I can read from 23 to 26, I think that would be --." He was interrupted by Rascon's counsel, who first requested that he read Paragraph 25, but then retracted his request. At that point, the district attorney requested that the entire report be introduced into evidence. The trial court denied that request, but informed counsel that he would allow the witness to read the report on redirect. When Rascon's counsel asked if the trial court was going to permit the witness to read the whole report, the court replied, "You've gone into it."

During the State's reexamination of Sergeant Bennett, the court indicated that it would allow to be read the portion of the report dealing with Rascon's statement as to where his destination was and limit it to that. After further discussion, the court stated, "Well, I will allow you to read those paragraphs dealing with the destination as Rascon recited to the officer." The court then limited it to Paragraphs 24 and 25. After further discussion, the trial court told the district attorney, "You can start with when they picked him up in El Paso -- or when the El Paso deal started, up until the stop in Munday." These rulings by the trial court were made in response to Rascon's counsel's contention that the entire report could not be read into evidence. Rascon's counsel did not object to any of these rulings limiting what portion of the report could be read.

Rascon's counsel did not object when the district attorney suggested to the witness to start reading at Paragraph 21 and read through Paragraph 32. The first paragraph related to why Rascon had hired Villegas to drive, including the issue of Rascon not having possession of a commercial driver's license and an issue about a statement Villegas had made about their switching drivers during the course of the traffic stop. After the witness read this portion, Rascon's counsel stated to the court that it was totally outside the parameters of Rule 107 because it did not relate to the issue of where Rascon's destination was. The trial court responded, "My ruling on this, [Defense Counsel], as you understood it, was that we're going to start in El Paso on the report and get to the time of the stop in Munday. If you want to object to that, make your objection." At that point, Rascon's counsel objected, "It's outside the parameters of Rule 107." After the trial court overruled the objection, Sergeant Bennett read additional material from his report, some of which related to what Rascon had told him about where he was supposed to be driving and some of which did not. A portion of that included Rascon's disclosure to Sergeant Bennett that a person unknown to Rascon had telephoned him and instructed him to park at a truck stop, leave his truck unattended for four hours, then drive to Oklahoma City and wait for another phone call from the same individual. Rascon's counsel did not specifically object to this portion of the report. When a portion of the report was read that related to Rascon's prior criminal history, Rascon's counsel interrupted with an objection before any detail of the history was revealed but never obtained a ruling on that objection.

From the record, it appears that Rascon's counsel had in his possession a copy of Sergeant Bennett's report. However, as we have noted, when the trial court announced which paragraphs it was going to allow to be read into evidence, Rascon's counsel made no objection. As a prerequisite to presenting a claim for appellate review, the record must show that the objection at trial was timely. TEX. R. APP. P. 33.1(a)(1). An objection is timely if the party makes the complaint as soon as the error becomes apparent. *Gillenwaters v. State*, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006). Consequently, Rascon's objection was not timely.

Rascon's objection was that the offer of portions of the report was outside the parameters of Rule 107, which expresses the rule of optional completeness. This rule provides:

> When part of an act, declaration, conversation, writing or recorded statement is given in evidence by one party, the whole on the same subject may be inquired into by the other, and any other act, declaration, writing or recorded statement which is necessary to make it fully understood or to explain the same may also be given in evidence.

10

Rule 107.  Some of the evidence that the State sought to admit was admissible because it was related to the same subject involved in Rascon's counsel's questioning of Sergeant Bennett, but some was inadmissible because it was not so related.  Rascon generally objected that the evidence offered was outside the parameters of Rule 107 but did not specify which specific portions that he considered as inadmissible.  When an exhibit contains both admissible and inadmissible evidence, the objection must specifically refer to the challenged material to apprise the trial court of the exact objection.  *Sonnier v. State*, 913 S.W.2d 511, 518 (Tex. Crim. App. 1995).  By failing to direct the trial court's attention to the specific portions of the evidence considered to be inadmissible, Rascon failed to preserve error as to the trial court's admission of those portions.  We overrule Point Five.

The judgment is affirmed.


JOHN G. HILL

JUSTICE


January 29, 2010

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Hill, J.[3]

---

[3]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.