

NUMBER 13-12-00297-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

BILLY RAY KNOX,                                                    Appellant,

v.

THE STATE OF TEXAS,                                               Appellee.

On appeal from the 410th District Court
of Montgomery County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

By two issues, appellant, Billy Ray Knox, appeals his conviction for aggravated

sexual assault of a child under the age of fourteen, a first-degree felony. *See* TEX.

PENAL CODE ANN. § 22.021(a)(1)(B) (West 2011). Appellant argues that the evidence is

insufficient to support his conviction and that the trial court improperly assessed attorneys' fees despite originally finding appellant to be indigent. We affirm as modified.

## I. BACKGROUND[1]

The State indicted appellant on two counts of aggravated sexual assault of S.G., a minor under the age of fourteen.[2] *See id.* Appellant plead not guilty, and the case was tried to a jury. The jury returned a verdict of guilty on one count and not guilty on the other. Appellant was sentenced by agreement to twenty years' imprisonment. This appeal followed.

At trial, the State introduced testimony from Stephanie Evans, a therapist treating S.G., that S.G. made an outcry to her stating that "[appellant] put his private in my mouth." Sergeant J.D. Thomas, a police officer with the Montgomery County Sherriff's Department who interrogated appellant under *Miranda* warnings, testified that he asked appellant if S.G.'s mouth "was on his penis for ten seconds or longer", and testified that appellant responded "yeah or yes." A video recording of this portion of Thomas's interview with appellant was displayed to the jury and confirmed Thomas's testimony. Veronica Sjolander, a special investigator for crimes against children at the Montgomery County District Attorney's Office, testified that appellant admitted to her during an interview that the victim's mouth touched his penis "in the bathtub." The video of Sjolander's interview with appellant was admitted without objection by the trial court and confirmed her testimony regarding appellant's statements. S.G. testified at trial to abuse by appellant and other men.

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

[2] S.G. was approximately five years old at the time the crimes were committed.

## II. ANALYSIS

### A. Sufficiency of the Evidence

Appellant argues that the evidence is insufficient to support his conviction for aggravated sexual assault because S.G. denied on the stand that appellant ever penetrated S.G.'s mouth with his genitals as charged in the indictment. Appellant argues that in light of this denial, no rational fact-finder could find appellant guilty of the charged offense.

### 1. Standard of Review

In evaluating the sufficiency of the evidence supporting a conviction, our inquiry is "whether, after viewing the evidence in a light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Garcia v. State*, 367 S.W.3d 684, 686–87 (Tex. Crim. App. 2012) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). It is the role of the trier of fact to resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from that evidence. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19 (1979)). The trier of fact, in this case the jury, is the sole judge of the credibility of witnesses and the weight, if any, to be given to their testimony. *Garcia*, 367 S.W.3d at 686–87; *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). The State may prove the elements of an offense by either direct or circumstantial evidence. *Hooper*, 214 S.W.3d at 13. In an evidentiary sufficiency review, "circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Id.* If the record could support conflicting inferences, we presume that the fact finder

3

resolved the conflict in favor of the prosecution and defer to that resolution. *Garcia*, 367 S.W.3d at 687.

### 2. Applicable Law

We measure the sufficiency of the evidence supporting a conviction "by the elements of the offense as defined by the hypothetically correct jury charge for the case" applied to the particular facts of the case. *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011) (citing *Malik v. State* 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). Such a charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

In this case, the State was required to prove beyond a reasonable doubt that appellant, (1) intentionally or knowingly, (2) caused the penetration of the mouth of the victim, (3) by his sexual organ. TEX. PENAL CODE ANN. § 22.021(a)(1)(B). In the context of sexual assault of a child, "outcry" testimony alone can be sufficient evidence to support a conviction. *Rodriguez v. State*, 819 S.W.2d 871, 873–74 (Tex. Crim. App. 1991); *Ozuna v. State*, 199 S.W.3d 601, 606 (Tex. App.—Corpus Christi 2006, no pet). There is no requirement that the child victim testify as to penetration; the State may prove that element of the offense by circumstantial evidence. *Rodriguez*, 819 S.W.2d at 873–74; *Ozuna*, 199 S.W.3d at 606. Even if the victim recants or denies her outcry statements when testifying at trial, the jury is free to disbelieve the victim's recantation and credit her previous statements. *Saldana v. State*, 287 S.W.3d 43, 60 (Tex. App.—Corpus Christi 2008, pet. ref'd) (citing *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991)).

### 3. Discussion

The following exchange occurred between S.G. and the prosecutor on direct examination:

> Prosecutor: [D]id [appellant] ever put his front private in your mouth? Do you remember anything like that?
>
> S.G.: No, ma'am.

Appellant argues that even when viewing the evidence in the light most favorable to the verdict, a rational finder of fact could not conclude that appellant violated the statute when the victim denied on the witness stand that appellant ever committed the alleged conduct against her. We disagree.

Outcry statements of children, standing alone, can be sufficient to support a conviction in sexual assault cases. *Rodriguez*, 819 S.W.2d at 873–74. If a child recants or denies her outcry statements when testifying at trial, the jury is free to decide which of the child's statements to credit, as it is with any other witness. *Chambers*, 805 S.W.2d at 461; *Saldana*, 287 S.W.3d at 60. Assuming without deciding that S.G.'s statements constituted a recantation of her outcry statements, the jury was free to disbelieve her denial. In this case, the jury evidently gave more credit to S.G.'s outcry statements than to that single statement during her testimony at trial. *Chambers*, 805 S.W.2d at 461; *Saldana*, 287 S.W.3d at 60. Because S.G.'s outcry statements to Evans—the admission of which appellant does not challenge on appeal—would be sufficient evidence to support appellant's conviction even if S.G. did not testify, we conclude that the State met its burden of offering evidence from which a reasonable jury

5

could conclude that appellant was guilty beyond a reasonable doubt of the charged offense.[3] We accordingly overrule appellant's first issue.

## B. Attorneys' Fees

In his second issue, appellant argues that the trial court improperly assessed $12,730.75 in attorneys' fees despite earlier finding appellant to be indigent. A defendant who is determined by the trial court to be indigent is presumed to remain indigent for the remainder of the proceedings absent a material change in the defendant's financial circumstances. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2011). If the trial court does assess attorneys' fees against a defendant who it earlier determined to be indigent, the record must reflect that the trial court heard evidence that the defendant's financial circumstances changed. *Mayer v. State*, 309 S.W.3d 552, 556–57 (Tex. Crim. App. 2010). The State concedes that the trial court previously determined that appellant was indigent, that there is no evidence in the record that appellant's financial circumstances have materially changed to alter his indigent status, and asks us to modify the judgment. *See* TEX. R. APP. P. 43.2(b) (appellate court may modify the judgment and affirm as modified). We therefore sustain appellant's second issue and modify the judgment to delete the $12,730.75 in attorneys' fees from the administrative fee calculation.

---

[3] Even if the outcry statements would not be sufficient standing alone, the State offered two videotaped statements into evidence in which appellant admits to penetrating S.M.'s mouth with his sexual organ. The outcry statements are sufficient to provide the modicum of evidence necessary to corroborate appellant's extra-judicial confessions. *See Salazar v. State*, 86 S.W.3d 640, 645 (Tex. Crim. App. 2002) (holding that the State need only produce some independent evidence that the child victim was sexually assaulted when the defendant made an extra-judicial confession, even when the defendant repudiated that confession at trial). Appellant does not challenge the admission of either videotaped statement on appeal.

### III. CONCLUSION

We modify the judgment to delete the $12,730.75 in attorneys' fees and affirm as modified.

_____
NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
4th day of April, 2013.