**AFFIRM; and Opinion Filed October 18, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00014-CR

### KYLE BARTON BLOUNT, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 296th Judicial District Court
### Collin County, Texas
### Trial Court Cause No. 296-81021-2015

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Fillmore, and Justice Brown
Opinion by Justice Brown

Appellant Kyle Barton Blount appeals his conviction for aggravated sexual assault of a child. After finding appellant guilty, the jury assessed punishment at sixteen years' confinement. In a single issue, appellant asserts the evidence is legally insufficient to support his conviction. For the following reasons, we affirm.

### Background

A grand jury indicted appellant for the aggravated sexual assault of S.S., his girlfriend Christine's eleven-year-old niece. The indictment alleged appellant committed the offense by intentionally and knowingly causing the penetration of S.S.'s sexual organ with his finger.

On October 31, 2014, S.S. went trick-or-treating with her Aunt Christine and appellant's daughter, K. S.S. and K. then spent the night at appellant and Christine's house. The two girls slept on a make-shift bed on the floor in appellant and Christine's room.

S.S. testified that that night, while her aunt and K were asleep, appellant got down on the floor next to her and put his fingers in her mouth. Appellant then started to "work his way down to [her] private part." S.S. testified appellant put his hand on her private part, over her clothes, moved it "up and down," and it hurt. The prosecutor asked S.S. if it felt like the "little fatty lips on [her] vagina" separated when appellant was touching her. S.S. responded that it did. S.S. testified appellant also tried to go under her shorts, but she rolled over toward K. Appellant then returned to his bed. The following morning, S.S. called her mother and told her what happened. S.S.'s mother reported the offense to authorities.

Lisa Martinez, a forensic interviewer with the Children's Advocacy Center, testified as the outcry witness. Martinez interviewed S.S. a few days after the offense. With the assistance of an anatomical drawing of a female child, S.S. told Martinez appellant touched her on the line between the two fatty outer lips that cover the vaginal area, i.e., the labia majora. S.S. told Martinez, when he did so, appellant was rubbing and it hurt. According to Martinez, "if you have the line and you have the labia majora and you're pushing on it through [] clothes, and she's saying . . . it hurt on the line, that's where she pointed, and he's rubbing up and down and around, that right there is penetration." After hearing the evidence, the jury found appellant guilty of aggravated sexual assault of a child.

In his sole issue, appellant asserts the evidence is legally insufficient to support his conviction because the State failed to prove, beyond a reasonable doubt, he penetrated S.S.'s sexual organ.

## Standard of Review

In reviewing a challenge to the sufficiency of the evidence to support a conviction, we examine all of the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the offense beyond a

reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013). The jury, as trier of fact, is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *See Jackson*, 443 U.S. at 326. The jury is free to draw reasonable inferences from the evidence. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014). Every fact need not point directly and independently to the defendant's guilt. *Vanderbilt v. State*, 629 S.W.2d 709, 716 (Tex. Crim. App. 1981). If the record supports conflicting inferences, we presume the jury resolved those conflicts in favor of the verdict, and we defer to that determination. *McKay v. State*, 474 S.W.3d 266, 270 (Tex. Crim. App. 2015).

### Applicable Law

A person commits the offense of aggravated sexual assault if the person intentionally or knowingly causes the penetration of the anus or sexual organ of a child by any means. TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i) (West 2011). Penetration of the female sexual organ of a child occurs so long as the contact could reasonably be regarded as more intrusive than contact with the outer vaginal lips. *Vernon v. State*, 841 S.W.2d 407, 409 (Tex. Crim. App. 1992). Thus, touching beneath the fold of the external genitalia amounts to penetration within the meaning of the aggravated sexual assault statute. *Steadman v. State*, 280 S.W.3d 242, 247–248 (Tex. Crim. App. 2009). Penetration of a child's sexual organ through clothing will support a conviction for aggravated sexual assault. *See IslasMartinez v. State*, 452 S.W.3d 874, 879 (Tex. App.—Dallas 2014, pet. ref'd); *Rodda v. State*, 926 S.W.2d 375, 378 (Tex. App.—Fort Worth 1996, pet. ref'd).

### Application

According to appellant, there was no rational basis for a jury to conclude he penetrated S.S.'s female sexual organ because (1) there was no physical evidence to support S.S.'s

allegations and (2) the clothing S.S. was wearing would have made penetration impossible. We disagree.

It is well-settled that the testimony of a child victim alone will support a conviction for aggravated sexual assault. *Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990); *Tear v. State*, 74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. ref'd). Here, S.S. testified that appellant put his hand on her private part, over her clothing, and moved it up and down. She also testified it felt like her vaginal lips separated. In addition, the State presented evidence of penetration from an outcry witness. *See Rodriguez v. State*, 819 S.W.2d 871, 873 (Tex. Crim. App. 1991) (outcry testimony alone sufficient to support conviction for aggravated sexual assault). Specifically, Lisa Martinez testified S.S. told her appellant rubbed her up and down in the location of her labia majora. According to Martinez, S.S.'s outcry statement described penetration. Although S.S. was wearing jean shorts and panties at the time of the offense, the State presented evidence that appellant rubbed S.S.'s genitalia with such force as to cause her pain. The jury could infer appellant did so to enable him to penetrate, and that he did penetrate, S.S.'s sexual organ. Viewing the evidence in the light most favorable to the verdict, we conclude the evidence is legally sufficient to support appellant's conviction.

We resolve the sole issue against appellant and affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

160014F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KYLE BARTON BLOUNT, Appellant

No. 05-16-00014-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas
Trial Court Cause No. 296-81021-2015.
Opinion delivered by Justice Brown. Chief Justice Wright and Justice Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of October, 2016.