**Affirmed and Memorandum Opinion filed January 29, 2019.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-17-00980-CR

**DANIEL ARNOLD WALLER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 149th District Court
Brazoria County, Texas
Trial Court Cause No. 79878-CR**

## MEMORANDUM OPINION

In this appeal from two convictions for indecency with a child, we consider whether the evidence is sufficient to support the convictions, and whether the trial court properly admitted the testimony of an outcry witness. For reasons explained more fully below, we conclude that the evidence is sufficient, and that the trial court did not abuse its discretion in the admission of the outcry statements. We therefore affirm the trial court's judgment.

# BACKGROUND

The complainant began living with her great-aunt when she was three years old, after her mother lost custody due to her struggles with substance abuse. The great-aunt's household included several extended family members, including appellant, who was the great-aunt's brother.

When the complainant was six years old, she informed her great-aunt that appellant had shown her adult pornography on his cellphone. The complainant later relayed the same information to her mother during a period of visitation.

The complainant's mother called CPS, which investigated the matter and requested that appellant leave the household. Appellant left as requested, but CPS referred the matter to local police for further investigation.

The police scheduled an appointment for the complainant to see a forensic interviewer at a child advocacy center. During that appointment, the complainant revealed new information in addition to the allegations of adult pornography. The complainant told her forensic interviewer that on more than one occasion since she was three years old, appellant had exposed himself to her, and he had made her touch his penis with her hand.

Appellant was then indicted on two counts of indecency with a child. The first count alleged indecency by contact, and the second count alleged indecency by exposure.

During the trial on the merits, the complainant, then eight years old, testified that she remembered that appellant had exposed himself to her, but she could not remember if he had made her touch his penis. Over appellant's objection, the forensic interviewer testified that the complainant had said that appellant had made her touch his penis, and that he had told her to keep it a secret.

Appellant did not testify in his own defense, but his counsel argued that the allegations were fabricated by the complainant's mother in an attempt to regain custody. The jury rejected that explanation and convicted appellant on both counts.

## SUFFICIENCY OF THE EVIDENCE

In a sufficiency review, we examine all of the evidence in the light most favorable to the verdict, and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Robinson v. State*, 466 S.W.3d 166, 172 (Tex. Crim. App. 2015).

There are two offenses in this case, and each has similar elements. On the first count of indecency by contact, the essential elements are as follows: (1) the defendant caused a child to engage in sexual contact, and (2) the child was younger than seventeen years of age. *See* Tex. Penal Code § 21.11(a)(1). Regarding the first of these elements, the phrase "sexual contact" includes any touching of any part of the genitals of a person, if committed with the intent to arouse or gratify the sexual desire of any person. *Id.* § 21.11(c)(2).

As for the second count of indecency by exposure, the essential elements are: (1) the defendant exposed any part of his genitals, knowing that a child was present, (2) the child was younger than seventeen years of age, and (3) the exposure was committed with the intent to arouse or gratify the sexual desire of any person. *Id.* § 21.11(a)(2).

Turning to the evidence presented in this case, there is no dispute that the complainant is a child younger than seventeen years of age. Accordingly, there is sufficient evidence to support that essential element.

As for the other essential elements, the testimony from the outcry witness was sufficient by itself to establish the *actus reus* of each offense. *See Rodriguez v. State*,

819 S.W.2d 871, 873 (Tex. Crim. App. 1991). According to the forensic interviewer, the complainant said that, on more than one occasion, appellant had exposed himself to her and he had made her touch his penis. The jury could have inferred from this testimony that appellant had committed each of these acts with the intent to arouse or gratify his own sexual desires. That inference is supported circumstantially by evidence that appellant showed adult pornography to the complainant, and that he told her to keep his actions a secret.

Appellant contends that the evidence is insufficient to support the contact conviction because the complainant testified that she could not remember if she had touched appellant's penis. This point merely highlights a conflict in the evidence, which we, as the reviewing court, presume the factfinder resolved in favor of the verdict. *See Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014).

Appellant also contends that the evidence is insufficient to support the exposure conviction because "the child's testimony was clearly insufficient and incomplete to show criminal behavior." Appellant does not elaborate on this point, and it is plainly refuted by the record. The complainant's testimony was clear and direct: "He showed his private at me."

We conclude that the evidence is sufficient to support every essential element of both offenses beyond a reasonable doubt.

## OUTCRY STATEMENTS

The trial court conducted a hearing outside the presence of the jury to determine the admissibility of certain statements that the complainant had made to the forensic interviewer. The prosecutor proposed that the statements were outcry statements, which are not inadmissible hearsay if they meet certain statutory requirements. Among those requirements, the trial court must find that the

4

statements are "reliable based on the time, content, and circumstances of the statement[s]." *See* Tex. Code Crim. Proc. art. 38.072, § 2(b)(2). Also, the statements must have been made to the outcry witness, who is "the first person, 18 years of age or older, other than the defendant, to whom the child . . . made a statement about the offense." *Id*. art. 38.072, § 2(a)(3).

The central dispute during the trial court's hearing was whether the forensic interviewer was the outcry witness for statements regarding appellant's exposure and sexual contacts (as opposed to his display of adult pornography). The forensic interviewer testified that she "believed" that she was the first person to whom the complainant had made such statements. Defense counsel suggested, however, that the complainant had discussed those matters (in addition to the adult pornography) with her great-aunt and her mother, before she had ever met with the forensic interviewer.

At the end of the hearing, the trial court ruled that the outcry statements were not admissible "based on the state of the record as it is right now." The court gave additional clarification to the prosecutor: "I'm not saying that it's out for all purposes. I'm just saying at this point I don't think you've met your burden on getting this in."

The prosecutor responded that she would call another witness and establish the record further. The prosecutor's follow-up witness was a police officer, who testified in front of the jury that when he scheduled the complainant's appointment with the forensic interviewer, the "sole allegation" known to him at that time was that "someone is showing pornography to a child."

An off-the-record bench conference ensued, and then the prosecutor called the forensic interviewer to the stand, with the jury still present. As the prosecutor began to elicit testimony about the complainant's statements, defense counsel objected on

the basis of hearsay, arguing again that "it has not been adequately shown that [the forensic interviewer] is, in fact, the first person over 18 to whom any of this stuff was told." The trial court overruled the objection, and the outcry statements were admitted.

Appellant no longer challenges whether the forensic interviewer was the outcry witness. Instead, he argues that the trial court erred by admitting the outcry statements because the trial court did not conduct a reliability hearing or make a finding of reliability, as required by Article 38.072. Both of these points are meritless. The record shows that the trial court conducted a reliability hearing, and contrary to appellant's suggestions, there is no statutory requirement that the trial court make an express finding of reliability. By ruling that the forensic interviewer could testify as an outcry witness, the trial court implicitly found that the outcry statements were reliable. *See Villalon v. State*, 791 S.W.2d 130, 136 (Tex. Crim. App. 1990) ("Even though the trial court submitted no written findings that the statement is reliable, as pointed out by the Court of Appeals, the trial court's ruling at the hearing outside the presence of the jury implied that it found the nurse's testimony to be reliable, thereby complying with § 2(b)(2).").

## CONCLUSION

The trial court's judgment is affirmed.

/s/     Tracy Christopher
          Justice

Panel consists of Justices Christopher, Bourliot, and Spain.
Do Not Publish — Tex. R. App. P. 47.2(b).

6