

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00168-CR

**COLIN DAVID LUTTOSCHKA,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2020-1509-C2

## MEMORANDUM OPINION

Colin David Luttoschka was convicted of aggravated sexual assault of a child and sentenced to 30 years in prison. *See* TEX. PENAL CODE § 22.021(a)(1)(B)(i), (2)(B). Because the evidence is sufficient to support Luttoschka's conviction, the trial court's judgment is affirmed.

**BACKGROUND**

The child victim, K.K., is Luttoschka's nephew. Luttoschka's sister, A.F., is K.K.'s mother. Luttoschka's girlfriend told A.F. that Luttoschka had been acting sexually

inappropriate with K.K. A.F. was concerned and questioned K.K., then four years old, at which time A.F. said K.K. made an outcry of sexual abuse. K.K. also outcried in his forensic interview, medical examination, and to Child Protective Services. Luttoschka's trial based on K.K.'s outcry occurred three years later.

SUFFICIENCY OF THE EVIDENCE

In one issue, Luttoschka contends the evidence is insufficient to support his conviction because K.K. specifically denied the charged act of sexual abuse in court—instead, alleging a different act—and because K.K. failed to identify Luttoschka in court as his assailant.

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (*citing Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because

the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018). Our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). Furthermore, it is well established that the factfinder, as the exclusive judges of the facts and the credibility of the witnesses, can choose to believe all, some, or none of the testimony presented by the parties. *See Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

— *The Charged Act*

Luttoschka complains the evidence is insufficient to support his conviction because K.K., who was seven years old by the time of the trial, denied that Luttoschka penetrated K.K.'s anus with Luttoschka's finger as was charged in the indictment. Instead, K.K. testified that Luttoschka touched K.K.'s penis. Luttoschka contends that because K.K. denied the charged act, the evidence of K.K.'s outcry to the contrary cannot be relied upon in a sufficiency review.

To support this proposition, Luttoschka relies on footnote four in *Chambers v. State*, and the cases cited therein. *See Chambers v. State*, 805 S.W.2d 459, 461 n.4 (Tex. Crim. App. 1991). The *Chambers* opinion, however, does not support Luttoschka's argument. In footnote four, the Court of Criminal Appeals merely referenced the cases used by the

court of appeals in excluding the child victim's outcry statement from its review of the evidence supporting the conviction and subsequent determination that the evidence was insufficient to support the conviction. *Id.* The reference was not an affirmation of the cases cited, and it was not an affirmation of the appellate court's reliance on those cases. In the sentence after footnote four, the Court stated:

> The Court of Appeals should have considered all the evidence presented, and should not have excluded from that review, evidence it thought to have been contradicted at trial. (citation omitted). The court below erred in its sufficiency review and, therefore, erred in ordering an acquittal. The evidence, when viewed in the light most favorable to the verdict, was sufficient to support the conviction.

*Id.* at 461.

Further, in an opinion delivered 10 months after the opinion in *Chambers*, the Court of Criminal Appeals held that outcry testimony admitted in compliance with article 38.072 is admitted as an exception to the hearsay rule, meaning it is considered substantive evidence, admissible for the truth of the matter asserted in the testimony. *Rodriguez v. State*, 819 S.W.2d 871, 873 (Tex. Crim. App. 1991). Because this type of evidence is substantive evidence with some probative value, it is, *by itself*, sufficient to support a jury's verdict of conviction. *Id.*; *Cervantes v. State*, 594 S.W.3d 667, 673 (Tex. App.—Waco 2019, no pet.). When the requisites of article 38.072 are met, there is no requirement that the testimony of the outcry witness be corroborated or substantiated by the victim's testimony or by other independent evidence. *Id.* at 874.

A.F., K.K.'s mother, was determined to be, and was designated as, the outcry witness as defined by the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC.

art. 38.072. A.F. testified that she received phone calls from Luttoschka's girlfriend regarding inappropriate actions by Luttoschka with K.K., who was four years old at the time. Because of these calls, A.F. asked K.K. if anyone had touched his "no-no areas." K.K. responded that "Wawa" had. A.F. stated that K.K. called Luttoschka, "Wawa." K.K. demonstrated to A.F. with his hand what Luttoschka had done to him by showing his "fingers going into his crack." After the police were called and a forensic interview took place at the Waco Children's Advocacy Center, K.K. told A.F. that "Wawa stuck his fingers in my butt and it hurt."

Luttoschka did not contest at trial that the requisites of article 38.072 were met. He agreed at trial that A.F. was the outcry witness and offered no objection to the introduction of her testimony. Thus, A.F.'s testimony did not need to be corroborated or substantiated. Because the jury is the sole judge of the credibility and weight to be given the witnesses' testimony, it could have believed A.F. rather than K.K. as to how Luttoschka sexually assaulted K.K. And because Luttoschka's conviction can be supported by the testimony of A.F. alone, we find the evidence sufficient to support the challenged element.

At oral argument, Luttoschka relied on this Court's unpublished opinion in *Martinez v. State*, No. 10-04-00072-CR, 2005 Tex. App. LEXIS 2849 (Tex. App.—Waco, Apr. 13, 2005, pet. ref'd), to support his position that since K.K. denied the charged act, A.F.'s testimony, alone, is not sufficient to support his conviction. The *Martinez* opinion is distinguishable. In *Martinez*, the victim was 12 years old at the time of the offense and 15 years old at the time of trial. In this case, K.K. was four years old at the time of the offense

and seven years old at the time of trial. Further, unlike the situation in *Martinez*, circumstances were developed in the record in this case as to why K.K.'s statements around the time of the events might not be consistent with his in-court-testimony three years later. Specifically, Dr. Carter, the State's expert regarding child sexual abuse cases, testified that when a child has been traumatized, the child often does what he can to forget about the trauma. The child may not want to remember the trauma. Or, as time passes, especially if the child is four or five years old when the trauma occurred and testifies two or three years later, the child may not remember what happened. The child's memory fades, and he may not be able to tell the whole story.

Moreover, there is other evidence in this case to support the charged act of abuse. As in *Chambers*, we are not reviewing a situation where the only evidence of guilt was from the outcry witness. *See Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). In this case, during a medical evaluation, K.K. stated that Luttoschka "touched [K.K.'s] butt with his hand in [K.K.'s] butt and he smelled it and went away." K.K. clarified for the evaluator that Luttoschka touched K.K's butt "in the middle in the hole with his finger," and that "[i]t hurt a little." Additionally, at a forensic examination, K.K. identified his perpetrator, talked about him being in the family, and told the examiner that K.K.'s "butt hole was almost biting the [perpetrator's] finger." If upon further review it is determined A.F.'s testimony alone is not otherwise sufficient, with this additional testimony, we find the evidence sufficient to support the challenged element.

—*Identification of Assailant*

Luttoschka also contends the evidence is insufficient to support his conviction

because K.K. could not identify Luttoschka in court as K.K.'s assailant. The State had to prove beyond a reasonable doubt that Luttoschka was the one who caused the penetration of K.K.'s anus by any means. *See* TEX. PENAL CODE § 22.021; *Ingerson v. State*, 559 S.W.3d 501, 509 (Tex. Crim. App. 2018). Identity may be proven by direct evidence, circumstantial evidence, or by reasonable inferences from the evidence. *Ingerson*, 559 S.W.3d at 509.

At trial, K.K. did not recognize anyone, including Luttoschka, at counsel table. However, he did say that Colin, whom he called "Wawa," was the one who touched his "bad spot." K.K. was four years old when the assault occurred and seven years old when he testified. At a medical evaluation, K.K. specifically identified his assailant as "mama's brother Colin," whom he called "Wawa." A.F. identified Luttoschka as her brother, Colin, and testified that K.K. called Luttoschka, "Wawa."

After reviewing the record in the light most favorable to the verdict, we conclude the evidence is sufficient to identify Luttoschka as K.K.'s assailant.

**CONCLUSION**

Having reviewed the evidence under the proper standard of review regarding the challenged elements, we find the evidence is sufficient to support Luttoschka's conviction. Luttoschka's sole issue is overruled, and the trial court's judgment is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Smith, and
        Justice Davis[1]
Affirmed
Opinion delivered and filed October 10, 2024
Do not publish
[CRPM]



---

[1] The Honorable Rex Davis, Senior Justice (Retired) of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.

Luttoschka v. State                                                                                      Page 8